383 So.2d 1146 (1980)
Junious McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-705.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
Rehearing Denied June 18, 1980.
Richard L. Jorandby, Public Defender, and Polly M. Shull, Asst. Public Defender, West Palm Beach, for appellant.
*1147 Jim Smith, Atty. Gen., Tallahassee, and Mark Horn, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
This is an appeal by the defendant from his conviction of two counts of aggravated assault. We affirm.
The facts are absolutely uncontested. A cashier in a grocery store observed appellant placing a piece of meat under his shirt. Appellant began to exit the store without paying for the merchandise. The cashier informed the manager of the market and another employee. These two employees followed the defendant out of the store, yelled at him, and began chasing him. Defendant obviously knew that he was being pursued. Defendant stopped abruptly and threw the piece of meat under a car. He swung around with a knife in his hand and pointed it at the two store employees. The pursuers stopped. No one said anything. Defendant waited with the knife in his hand, pointing it at the employees and waving it around. The employees began backing up. The defendant again turned around and began running. One of the employees then immediately returned to the store to call the police. The second employee continued following the defendant at a safe distance.
Appellant contends that the State failed to prove a necessary element of aggravated assault, namely, that the victims had a well-founded fear of imminent bodily injury. State v. White, 324 So.2d 630 (Fla. 1976), clearly establishes the necessity for such proof. We find the facts here sufficient to create a very clear inference that the store employees had a well-founded fear of imminent bodily harm. Contrary to appellant's argument, there is no requirement that the victim in an assault actually testify to his own state of mind. Indeed, the evidence here is rather compelling. The employees were pursuing the defendant when he whirled about and threatened them with a knife. He pointed the knife at them, waved it around and waited. The store employees stopped and began backing up. A jury could find that a reasonable man under such circumstances would be afraid and that these individuals were in fact in fear. We believe the rule to be correctly stated in Gilbert v. State, 347 So.2d 1087, 1088 (Fla.3d DCA 1977), as follows:
[W]here the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown. See also Ponder v. State, 221 So.2d 437 (Fla.3d DCA 1969), and Solloa v. State, 227 So.2d 217 (Fla.3d DCA 1969).
The evidence here was sufficient to prove the element of fear on the part of the victims. The conviction is therefore affirmed.
AFFIRMED.
DOWNEY and HURLEY, JJ., concur.