607 So.2d 1388 (1992)
STATE of Florida, Petitioner,
v.
James VON DECK, Respondent.
No. 79630.
Supreme Court of Florida.
November 5, 1992.
*1389 Robert A. Butterworth, Atty. Gen. and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for petitioner.
James G. Kontos of Daniel S. Ciener, Merritt Island, for respondent.
PER CURIAM.
We have for review Von Deck v. State, 593 So.2d 1129 (Fla. 5th DCA 1992), based on express and direct conflict with Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
James Von Deck was charged by information with attempted premeditated murder of a law enforcement officer by shooting at him with a firearm. The information makes no direct reference to any act by Von Deck creating a well founded fear that violence would be imminently inflicted on the officer. At trial, Von Deck objected to the state's requested instruction on the permissive lesser included offense of aggravated assault, arguing that all the elements of this offense were not contained in the information. Florida law specifies that an essential element of any assault, including aggravated assault on a law enforcement officer, is an act creating a well founded fear in the victim that violence is imminent. Compare § 784.011, Fla. Stat. (1989) with § 784.07(2), Fla. Stat. (1989) and § 784.021, Fla. Stat. (1989). The objection was overruled.
Von Deck then was found guilty of aggravated assault. On appeal, the Fifth District reversed on grounds that the information did not sufficiently allege the crime. Von Deck.
The state now argues that the element of "putting in fear" can be established by inference, because a shooting is likely to create such fear. One district court case supports this position. Kimbrough. While this may be true in some cases, it will not be true in all. It is possible to commit an attempted murder without also committing aggravated assault, such as where the victim remains unaware of the attempted murder until some time has elapsed after the commission. Florida law is well settled that the elements of an offense cannot be established by mere inference. State v. Dye, 346 So.2d 538, 541 (Fla. 1977). Moreover, we expressly have said that an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense. Brown v. State, 206 So.2d 377, 383 (Fla. 1968).
In light of this earlier case law, we find that the State is obligated to allege a "putting in fear" whenever it seeks an instruction on the permissive lesser included offense of aggravated assault. This did *1390 not occur here, and the opinion below is approved on that basis. The opinion in Kimbrough is disapproved to the extent it is inconsistent with our views above.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.