PARIENTE, Judge.
The defendant appeals his conviction on multiple counts. Count II charged the defendant with attempted first degree murder on a law enforcement officer with a firearm. We reverse the defendant’s conviction on this count because we find that the defendant was entitled to a jury instruction on the permissible lesser included offense of aggravated assault. We affirm the defendant’s conviction on all other counts.
This criminal event occurred in the course of arresting the defendant on an outstanding warrant. As to count II, the state established that the defendant pointed a gun at Deputy Sheriff Stuhr after first pointing the gun at another deputy. Deputy Stuhr then knocked the gun from the defendant’s hand and the defendant subsequently attempted to deprive the deputy of his weapon by trying to remove it from his hands. The defendant requested a jury instruction on the charge of aggravated assault.
*1097 The state does not dispute that aggravated assault is a permissive lesser included offense of attempted first degree murder, but argues that neither the information nor the evidence established that Deputy Stuhr was put in fear when the defendant pointed the gun at him. In reliance on State v. Von Deck, 607 So.2d 1388 (Fla.1992), both the state and the defendant direct us to the wording of the information to discern whether the elements of aggravated assault were adequately alleged. However, a defendant is entitled to requested instructions on all lesser degree crimes which are supported by the evidence, regardless of the allegations in the charging documents. See Herrington v. State, 538 So.2d 850 (Fla.1989). Therefore, the parties’ discussion about the wording of the information is not relevant to our inquiry because we are reviewing the refusal to give the defendant’s requested instruction and not the refusal to charge on a lesser included offense requested by the state as in Von Deck.
Based on the evidence presented to the jury, the defendant was entitled to an instruction on aggravated assault as there was evidence upon which a jury could find that Deputy Stuhr was put in fear when the gun was pointed at him. Accordingly we reverse the defendant’s conviction on count II and affirm his conviction on all other counts.
As to the defendant’s argument that it was error to admit evidence of his probationary status and the outstanding felony warrants, while we do not find error, on retrial the court should consider giving a cautionary instruction as to the limited purpose for receiving this evidence.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
FARMER, J., and MAY, MELANIE G., Associate Judge, concur.