679 So.2d 859 (1996)
Helen ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-886.
District Court of Appeal of Florida, First District.
September 17, 1996.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Richard Parker, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, Judge.
The appellant challenges her conviction for aggravated battery, a permissive lesser-included offense of attempted first degree murder, the crime with which she was charged. Because the information did not sufficiently allege commission of aggravated battery by causing great bodily harm, the trial court erred in instructing the jury on this theory. Accordingly, we reverse the conviction.
The appellant was tried on an information charging her with attempted first degree murder by stabbing the victim with a knife to effect the appellant's premeditated intent to kill. Over defense objection, the trial court instructed the jury on alternative theories as to the permissive lesser-included offense of aggravated battery. Instructions were given as to aggravated battery by causing great bodily harm, as proscribed by section 784.045(1)(a)1, Florida Statutes (1993), and aggravated battery by using a deadly weapon, as proscribed by section 784.045(1)(a)2, Florida Statutes (1993). Without referencing the theory upon which its decision was based, the jury found the appellant guilty of aggravated battery.
The information sufficiently asserts facts showing that the appellant committed aggravated battery by using a deadly weapon. But it does not assert, except through inference, facts showing that the appellant committed aggravated battery by causing great bodily harm. Therefore, the information provided no basis for the section 784.045(1)(a)1 instruction. It is error to give an instruction on a permissive lesser-included offense unless the accusatory pleading alleges commission of the lesser offense. State v. Von Deck, 607 So.2d 1388 (Fla.1992); Watkins v. State, 632 So.2d 184 (Fla. 3d DCA 1994). The appellant is therefore entitled to a new trial on the lesser-included offense of *860 aggravated battery. In light of the foregoing, we need not address the cross appeal.
The judgment of conviction is reversed and the case is remanded.
MINER and LAWRENCE, JJ., concur.