740 So.2d 5 (1999)
Thomas FARLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1964.
District Court of Appeal of Florida, First District.
March 19, 1999.
*6 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Edward C. Hill, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Thomas Farley (Farley) appeals his conviction and sentence for improper exhibition of a deadly weapon, a lesser included offense of aggravated battery for which he was charged and tried. Farley contends that his jury should never have been instructed on improper exhibition of a weapon as a lesser included offense to aggravated battery; and that the trial judge erred by revoking his probation based solely upon the jury's verdict. We agree as to both contentions and reverse.
By information filed March 6, 1997, Farley was charged with battery, resisting arrest without violence, possession of marijuana, possession of paraphernalia, and tampering with evidence. On May 28, 1997, Farley entered a plea of nolo contendere to all charges, except the battery and was placed on probation for two years on the felony, and one year for each misdemeanor, concurrent with each other and the felony. By information filed October 23, 1997, Farley was charged with aggravated battery with a knife. On December 16, 1997, an affidavit of violation of probation was filed alleging that Farley committed aggravated battery.
The case proceeded to jury trial on May 5, 1998, and Farley was found guilty of improper exhibition of a deadly weapon as a lesser offense. Farley's probation was revoked, and he was adjudicated guilty of tampering with evidence and improper exhibition of a weapon and was sentenced to concurrent terms of 11 months and 29 days in jail.
Before convicting for a lesser offense, the elements of the lesser must be alleged in the information, and there must be proof of those elements at trial. Brown v. State, 206 So.2d 377, 383 (Fla.1968); State v. Von Deck, 607 So.2d 1388 (Fla. 1992). Thus, the information must allege, and the evidence must prove, the weapon was exhibited in a "rude, careless, angry, or threatening manner." § 790.10, Florida Statutes. Moreover, the elements must be specifically alleged and cannot be alleged through inference. Von Deck, 607 So.2d at 1389. In Von Deck, the Florida Supreme Court held that "Florida law is well settled that the elements of an offense cannot be established by mere inference." Id. at 1389, citing State v. Dye, 346 So.2d 538, 541 (Fla.1977). The Von Deck court further stated:
Moreover, we expressly have said that an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense. Id. at 1389, citing Brown v. State, 206 So.2d 377, 383 (Fla.1968).
Von Deck, 607 So.2d at 1389. Additionally, this court, in Andrews v. State, 679 So.2d 859 (Fla. 1st DCA 1996), reversed a conviction for a permissive lesser included offense because the information did not sufficiently allege the elements except through inference. Id., citing Von Deck.
*7 In the case at bar, the State's information did not allege Farley exhibited a weapon in a "rude, careless, angry, or threatening manner." The State's argument that "[u]sing a knife to inflict bodily harm on someone is at the very least exhibiting the weapon in a rude, careless, angry or threatening manner" is an attempt to allege the required elements by inference. This is impermissible under the Florida Supreme Court decisions in Von Deck and Brown, and our decision in Andrews. Thus, the trial court reversibly erred in instructing the jury on the improper exhibition of a dangerous weapon.
As a result of the reversal of Farley's verdict his revocation of probation must also be reversed. In Stevens v. State, the Florida Supreme Court held that "if a revocation of probation is based solely upon a conviction, and that conviction is subsequently reversed, the revocation must also be reversed." 409 So.2d 1051, 1052 (Fla.1982), citing Plummer v. State, 365 So.2d 1102 (Fla. 1st DCA 1979). In the instant case, the trial judge stated: "With the verdict that's been returned as well, the court is going to adjudge the defendant guilty of violation of probation as well." Thus, it appears the trial judge revoked Farley's probation solely because of the conviction.
For these reasons, Farley's conviction and sentence and the revocation of his probation were erroneous.
REVERSED.
ALLEN and WEBSTER, JJ., CONCUR.