801 So.2d 269 (2001)
Jason HIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3958.
District Court of Appeal of Florida, Fourth District.
December 12, 2001.
Carey Haughwout, Public Defender, and Alisa Smith, Special Assistant Public Defender, South Orange, NJ, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
WARNER, J.
Appellant was charged with attempted murder of a law enforcement officer, attempted first degree murder, and attempted robbery. At trial, he requested a jury instruction on aggravated assault as a lesser included offense. The trial court denied the request on the ground that, although the evidence could support the charge, the information lacked the necessary allegation of fear to support a charge on aggravated assault. The jury convicted appellant of the lesser offenses of attempted manslaughter with a firearm, attempted aggravated battery with a firearm, and attempted robbery. On appeal, appellant takes issue with the denial of the lesser included offense jury instruction. We hold that the trial court's refusal to give the requested instruction was not error, where the information did not contain the elements of an aggravated assault.
In Brown v. State, 206 So.2d 377, 381 (Fla.1968), the supreme court comprehensively addressed the issue of when jury instructions on lesser included offenses are required and established four categories or situations where instructions on lesser included offenses are requested: (1) crimes divisible into degrees; (2) attempts to commit offenses; (3) offenses necessarily included *270 in the offense charged; and (4) offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. As to this last category, the court held that an instruction should not be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense. See id. at 383.
The supreme court further explained the Brown decision in State v. Wimberly, 498 So.2d 929, 930 (Fla.1986):
As explained in Brown, when an offense fell into category one, two, or three, the trial court was required, under all circumstances, to give a requested jury instruction on the lesser offenses of the charged offense. Only in the last category was the trial court given the responsibility to determine whether a lesser included instruction should be given, depending on the pleadings and the presented evidence.

(Emphasis added). Wimberly noted that the Brown categories were reduced to two in 1981 when the court adopted the recommendation of the Standard Jury Instructions Committee:
The first category, which incorporated some lesser degrees of offenses, contains offenses necessarily included in the offenses charged. The second category, which now incorporates all attempts and the remaining lesser degrees of offenses, encompasses offenses which may or may not be included in the offense charged, depending on the accusatory pleadings and evidence.
Accompanying this change was a modification of our rules 3.490 and 3.510 of criminal procedure. Before 1981, these rules and their predecessor statutes had been interpreted by Brown and other cases to "require instructions on attempts and on all lesser degrees of an offense even when there [was] no evidence of such." As part of the new scheme, rule 3.490 was modified to provide:
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.
Rule 3.510 became:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

Id. at 930-31 (footnote and citation omitted).
Wimberly thus continues the Brown requirement that instructions on lesser included offenses are to be given when the trial court determines that the pleadings and the evidence support the charge. This rule has been repeatedly followed in subsequent cases. See, e.g., State v. Espinosa, 686 So.2d 1345, 1347 (Fla.1996); State v. Von Deck, 607 So.2d 1388, 1389 (Fla.1992); State v. Daophin, 533 So.2d 761, 762 (Fla. 1988); Jones v. State, 666 So.2d 960, 964-65 *271 (Fla. 3d DCA 1996); Russ v. State, 612 So.2d 688, 689 (Fla. 2d DCA 1993); Brown v. State, 608 So.2d 114, 116 (Fla. 1st DCA 1992).
In particular, Von Deck controls the disposition of this case. In that case, the defendant, like appellant in this case, was charged with attempted murder of a law enforcement officer by shooting at him with a firearm. The information made no reference to the element of fear necessary for an assault charge. The court relied on Brown and held that it was error to permit a lesser instruction on assault where the information did not contain the necessary elements of the permissive lesser included offense. See Von Deck, 607 So.2d at 1389.
Appellant relies on our opinion in Fletcher v. State, 642 So.2d 1096, 1097 (Fla. 4th DCA 1994), which on similar facts, held that it was error to refuse to give a jury instruction on aggravated assault. While we noted Von Deck, we relied on Herrington v. State, 538 So.2d 850 (Fla.1989), a case dealing with the first category of cases in Brown, namely degree crimes. The rule in such cases is that the defendant is entitled to requested instructions on all lesser degree crimes which are supported by the evidence. See Fla. R.Crim. P. 3.490; Wimberly, 498 So.2d at 931. However, aggravated assault is not a lesser degree offense of murder. Therefore, reliance on Herrington was misplaced. We recede from Fletcher and follow Von Deck and the long line of authority listed above.
We also affirm as to the second issue raised which objects to the assessment of points to the sentencing guidelines scoresheet for use of a firearm. Those points were added pursuant to section 921.0014(1)(a), Florida Statutes (1999), which requires the addition of points for possession of a firearm "[i]f the offender is convicted of committing or attempting to commit any felony other than those enumerated in s. 775.087(2) while having in his or her possession: a firearm." Because appellant was convicted of attempted manslaughter, a crime not specifically enumerated in section 775.087(2), the assessment of points was required. Cf. Smith v. State, 737 So.2d 577, 578 (Fla. 4th DCA 1999) (holding a defendant convicted of attempted manslaughter with a firearm was properly assessed with points for possessing a firearm because the felony was not specifically predicated on possession of a firearm and such an imposition of points did not violate double jeopardy principles).
Affirmed.
POLEN, C.J., DELL, GUNTHER, STONE, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS, TAYLOR, and HAZOURI, JJ., concur.