MONACO, J.
L.R.W. (“LRW”), a minor, appeals an order finding that she committed an aggravated assault with a deadly weapon, and an order adjudicating her delinquent and placing her on probation. Although she raises a number of issues, the primary basis for the appeal is the trial court’s *1265 denial of LRW’s motion for judgment of acquittal in which she argued that the State failed to prove a necessary element of aggravated assault with a deadly weapon under § 784.021(l)(a), Fla. Stat. (2002); namely, that the victim had a well-founded fear of imminent bodily injury. We conclude, however, that the court correctly determined that the evidence adduced created a clear inference that the victim had such a fear, and, therefore, affirm.
On the date in question Ms. George, a case manager where LRW was housed, and the only witness at the trial, heard a “ruckus” coming from the dining room. When Ms. George entered the room, a physical altercation between LRW and Ca-lida Brown was in its final stages. Ms. George testified that as she entered the room, she saw LRW chasing Brown. She then saw LRW pick up a chair and hold it over her head in a threatening manner, while the other residents that were in the room at the time of the altercation moved out of the way. At that point Ms. George said that she saw another female restrain LRW by the arms. The resident that was holding LRW’s arms kept saying to LRW, “you don’t want to do that.”
Ms. George testified that when she approached LRW and asked her to put the chair down, LRW immediately complied. She said that it appeared to her that the resident was holding LRW to keep her from hitting Brown with the chair. Ms. George also testified that if LRW had thrown the chair, she would have been able to hit Brown, as only 6-7 feet separated LRW from Brown.
The specific testimony of Ms. George that gave rise to the motion for judgment of acquittal concerned her observations of Brown when LRW held the chair above her own head. During the altercation, according to Ms. George, Brown was laughing and was leaning forward with her hands on a table. All other persons in the room, however, were standing completely still at that point.
After Ms. George testified, the State rested and LRW moved for a judgment of acquittal. LRW contended that the evidence was insufficient with respect to one of the elements required by § 784.021(l)(a): that LRWs actions created a well-founded fear in the victim’s mind that violence was about to take place. LRW argued that Brown’s laughter and posture demonstrated that LRW had not created a well-founded fear of imminent violence in Brown, particularly in view of the fact that Brown did not testify. The trial judge denied the motion, and LRW was eventually found guilty of the offense.
When a defendant moves for a judgment of acquittal, the defendant “admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.” Lynch v. State, 293 So.2d 44, 45 (Fla.1974); see also, Darling v. State, 808 So.2d 145 (Fla.2002). It is the trial court’s obligation to determine whether the evidence reflects the presence or absence of competent evidence on each element of the offense from which a fact-finder could infer guilt to the exclusion of all other inferences. See Darling. The state is not required to rebut conclusively every imaginable variation of events that could possibly be inferred from the evidence, but only to introduce competent evidence that is inconsistent with the defendant’s theory of events. Once that threshold is satisfied, it is the duty of the finder of fact to determine whether there is sufficient evidence to exclude every reasonable hypothesis of innocence beyond a reasonable doubt. Moreover, the trial court must consider the evidence under such circumstances in the light most favor *1266 able to the state. See Rogers v. State, 788 So.2d 980 (Fla.2001).
The Supreme Court in Lynch noted that a motion for judgment of acquittal should not be granted unless the evidence is such that no view which the fact-finder may lawfully take of the evidence that is favorable to the state can be sustained under the law. If there is room for a difference of opinion between reasonable men with respect to the proof of facts from which an ultimate fact is sought to be established, or if there is room for such differences with respect to an inference which might be drawn from conceded facts, the court should submit the case to the finder of fact. The conclusion of the jury or fact-finder regarding a fact or inference in such cases should prevail. For this reason the credibility and probative force of conflicting testimony should not be determined by a motion for judgment of acquittal.
There is, moreover, no requirement that the victim of an assault actually testify to his or her own state of mind. See McClain v. State, 383 So.2d 1146 (Fla. 4th DCA 1980). If the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the victim may properly be found to have been in fear. See Gilbert v. State, 347 So.2d 1087, 1088 (Fla. 3d DCA 1977).
Here, although Brown did not testify as to her state of mind, Ms. George gave testimony that LRW was holding the chair directly over her head and was menacing Brown. Although Brown might have been laughing, the trial court found that an inference could be drawn that Brown’s laughter was out of fear, or out of a desire by Brown to frustrate LRW’s “design and intent” to injure her. Additionally, there was evidence that the other residents were in fear for their safety because they retreated when LRW picked up the chair. Because these are permissible inferences, the trial court could conclude that LRW’s actions would put a reasonable person in fear. The fact that Brown did not testify regarding her actual fear, therefore, is not conclusive. See McClain; Gilbert. As the evidence was sufficient to prove the element of fear on the part of Brown, the trial court properly denied the motion for judgment of acquittal.
We have reviewed the other errors argued by LRW, but have concluded that they are without merit.
AFFIRMED.
SAWAYA, C.J. and ORFINGER, J., concur.