874 So.2d 705 (2004)
Thomas Luke PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-5084.
District Court of Appeal of Florida, First District.
May 28, 2004.
*706 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant, Thomas Luke Phillips, appeals his conviction by a jury of the two following offenses: (1) aggravated battery with a deadly weapon causing great bodily injury, disability and disfigurement to Johnnie Atkinson (Atkinson); and (2) aggravated battery with a deadly weapon against Josh Burger (Josh). Finding no reversible error, we affirm.
Appellant contends that the trial court erred in refusing to give appellant's requested jury instructions on (1) the justifiable use of force in self defense, see Fla. Std. Jury Instr. (Crim.) 3.04(a), Justifiable Use of Non-deadly Force; and (2) the category 2 permissive lesser-included offense of improper exhibition of a deadly weapon, see sections 790.10 and 784.045(1)(a)(2), Fla. Stat (2002). Neither of these contentions has merit.
All of the state's evidence established that in the course of a "party" where alcohol was being consumed, appellant intervened in a physical altercation between Josh (Atkinson's son), and Dennis Phillips (appellant's son). Appellant struck Josh and in turn appellant was knocked to the ground by him. After the melee had ended with Josh being restrained by Atkinson and another person, appellant produced a pocket knife and stabbed Atkinson, wounding him severely, and also cut Josh. Neither Atkinson nor Josh were armed with any weapon.
Appellant testified that he saw Josh and another person attacking his son Dennis; that he went to "get them off" his son, when Josh attacked him and stabbed him in the neck; and that he (appellant) fell to the ground unconscious.[1] He testified that he did not remember anything after he got up, and did not remember seeing Atkinson. Testimony from witnesses at the scene established that appellant's stabbing spree occurred after he "got up" from being knocked to the ground by Josh, after Josh had been restrained, and after the physical altercation had ended.
On this record, we are compelled to agree with the trial court's assessment of the evidence in his ruling on the defense request for the self defense instruction.
THE COURT: I know the law is very clear that if there is any suggestion of self-defense, that I've got to give that. But I'll tell you, I find no evidence presented *707 to this Court where any reasonable person could indicate or believe that there was any self-defense available....
It is apparent that since appellant does not even acknowledge that he in fact wielded the knife that seriously injured Atkinson and cut Josh, and there is no other evidence from which a jury could find that he acted in self-defense, the court was correct in refusing the requested instruction. As in Gaffney v. State, 742 So.2d 358 (Fla. 2nd DCA 1999), there is no evidence that appellant could have reasonably believed that his conduct was necessary to defend himself from the imminent use of unlawful force. If his testimony is believed, he was on the ground unconscious after being struck by Josh, and did not stab Atkinson or Josh. Inconsistent defenses are allowable in criminal cases where the proof of one does not necessarily disprove the other. See Moyer v. State, 558 So.2d 1045 (Fla. 5th DCA 1990); Keyes v. State, 804 So.2d 373 (Fla. 4th DCA 2001). The evidence that the fighting had stopped before appellant's knife attack on the victims, coupled with appellant's testimony that he did not remember what happened precludes the defense that appellant acted in self-defense.
As for the second issuethe court's refusal to instruct on the lesser-included offense of improper exhibition of a deadly weaponwe find that the court did not err. The Florida Supreme Court made it abundantly clear in State v. Von Deck, 607 So.2d 1388 (Fla.1992), that "an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense." Id. at 1389 (citing Brown v. State, 206 So.2d 377, 383 (Fla.1968)). The Von Deck court also reminded us: "Florida law is well settled that the elements of an offense cannot be established by mere inference." Id. at 1388 (citing State v. Dye, 346 So.2d 538, 541 (Fla.1977)). Here, the charging information is devoid of any allegation that appellant exhibited his knife "in a rude, careless, angry or threatening manner," an essential element of the offense under section 790.10, Florida Statutes.
Our decisions since Von Deck have consistently adhered to the rulings in that case. See, e.g., Andrews v. State, 679 So.2d 859 (Fla. 1st DCA 1996); Farley v. State, 740 So.2d 5 (Fla. 1st DCA 1999). We note that our decision in Smith v. State, 435 So.2d 961 (Fla. 1st DCA 1983), issued prior to Von Deck, did not conform to the holdings of Von Deck or our later cases cited above, but has not heretofore been expressly overruled. In Smith, we acknowledged the necessity of determining whether the information charges all the essential elements of a lesser-included offense, and whether the proof supports the allegations, before approving an instruction on the lesser-included offense. Smith, 435 So.2d at 961. However, we approved an instruction on the improper exhibition of a weapon based upon our conclusion that because the information charged that Smith committed a battery by "shooting at" the victim, it necessarily alleged "exhibition." Id. at 962. This conclusion was supported by the further reasoning that "firing a bullet makes its presence and character known to all." Id. at 962.[2] Such an attempt to supply a necessary allegation *708 by inference from other wording of the charging information is, of course, condemned by Von Deck, as we have expressly recognized in Andrews and Farley.
Accordingly, the judgments and sentences on appeal are affirmed.
ERVIN and BOOTH, JJ., SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] On rebuttal, the state produced medical records indicating that when taken to a hospital after the episode appellant denied losing consciousness, and denied any injury except to the left side of his face and neck. There was no record regarding the nature of appellant's injuries, and nothing to indicate whether any injury was from a stabbing. Appellant's explanation to medical staff as to the causation of his injuries was that he had fallen down the stairs.
[2] We note that notwithstanding the teachings of Von Deck, as outlined in our above opinion, the state made an argument in Farley supporting the giving of the instruction on improper exhibition of a deadly weapon on much the same reasoning as applied by the court in Smith. We deem it appropriate to avoid further confusion on this issue by giving Smith a belated, if not decent, burial.