888 So.2d 691 (2004)
Roy JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4163.
District Court of Appeal of Florida, Fourth District.
November 17, 2004.
*692 Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Roy Johnson appeals his convictions of attempted first-degree murder and aggravated assault, after a jury trial.
The victim's failure to appear for trial made the state's case more difficult. The state was unable to locate the victim even after the court issued a writ of attachment.
Johnson contends that the trial court erred in denying his motion for judgment of acquittal as to both charges.
We agree with appellant that there was insufficient evidence to support the attempted first-degree murder charge, but affirm with respect to aggravated assault.
The state was unable to prove that Johnson fired any shot in the direction of the victim with the intent to kill him. The only eyewitness to the incident did not see appellant discharge a weapon. The eyewitness's back was to appellant when the shots were fired. The eyewitness did not report the victim being struck, or nearly struck by a bullet, or even that a bullet was discharged anywhere near where the victim was located.
This case differs from cases where testimony establishes that a defendant discharged a gun directly at the victim or into an occupied vehicle. Compare Shellman v. State, 620 So.2d 1010, 1012 (Fla. 4th DCA 1993) (finding evidence that appellant fired weapon "repeatedly" into vehicle, is sufficient for first-degree murder conviction for passenger/victim he intended to shoot, and for attempted second-degree murder conviction for the two passengers he did not intend to kill and who were in fact not killed); Burns v. State, 584 So.2d 1073, 1076 (Fla. 4th DCA 1991) (supporting attempted second-degree murder conviction, where defendant picked up weapon dropped by officer, pointed weapon at officer, and then squeezed trigger); Holliday v. State, 781 So.2d 496, 497 (Fla. 5th DCA 2001) (concluding that defendant committed attempted first-degree murder, by stopping, turning, and firing gun at store clerk, as clerk was chasing him); Kelly v. State, 552 So.2d 206, 207 (Fla. 5th DCA 1989) (holding that pointing weapon into vehicle and then firing shots at victim inside the vehicle sufficient for attempted first-degree murder conviction); Blanco v. *693 State, 447 So.2d 939, 940 (Fla. 3d DCA 1984) (finding evidence that defendant pointed gun at officers, fired a shot from 20-25 yards away towards these officers, and after being apprehended remarked that, "next time I'll kill you," sufficient to sustain attempted first-degree murder conviction).
We find that the evidence was sufficient to support a charge of aggravated assault, which arose from an incident apart from the shooting. An assault is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2003). Thus, "an essential element of any assault is the victim's well-founded fear of imminent violence." Viveros v. State, 699 So.2d 822, 825 (Fla. 4th DCA 1997); see also State v. Von Deck, 607 So.2d 1388, 1389 (Fla.1997).
As the appellant concedes, the fact the victim did not testify, and thus could not describe or articulate any such fear, does not bar a conviction. See McClain v. State, 383 So.2d 1146, 1147 (Fla. 4th DCA 1980) ("Contrary to appellant's argument, there is no requirement that the victim in an assault actually testify to his own state of mind."); L.R.W. v. State, 848 So.2d 1263, 1266 (Fla. 5th DCA 2003) (same). Instead, "[i]f the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the victim may properly be found to have been in fear." L.R.W., 848 So.2d at 1266; see also McClain, 383 So.2d at 1147.
In the light most favorable to the state, while driving by a crowd of people, appellant pointed a gun at the victim and said, "F____, nigger, I missed the first time, but I won't miss this time." After appellant pointed the gun, everybody, including the victim, "scattered" from the area. As we wrote in McClain, a "jury could find that a reasonable man under such circumstances would be afraid and that [the victim was] in fact in fear." 383 So.2d at 1147. We further wrote that the rule was correctly stated in Gilbert v. State, 347 So.2d 1087 (Fla. 3d DCA 1977), as follows:
[W]here the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown.
Id. at 1088.
Affirmed in part, reversed in part, and remanded to set aside the conviction for attempted first-degree murder.
GROSS, TAYLOR and HAZOURI, JJ., concur.