PER CURIAM.
 

 Fernando Augusto Gusmao appeals from his conviction and sentence on a charge of grand theft of over $100,000. We have carefully considered each issue raised on appeal, and find no error. With respect to Gusmao’s hearsay arguments, the challenged documents were properly
 
 *94
 
 admitted under the hearsay exception for business records, section 90.803(6), Florida Statutes (2008), and the other challenged statements as admissions by a party opponent. § 90.803(18)(a), Fla. Stat. (2008).
 
 [1]
 
 Next, Gusmao complains that the trial court erred by allowing checks that he wrote in the amounts of $130,000 and $160,000 to be referred to as “worthless.” Not only was there no objection to this characterization at trial, but the evidence clearly supported the description. Gus-mao’s banking records showed that he did not have sufficient funds in the accounts on which the checks were written to cover them. Finally, Gusmao argues that the State did not present sufficient evidence of his intent to commit the crime, so that his motion for judgment of acquittal should have been granted. We agree with the State that there would have been sufficient circumstantial evidence of Gusmao’s criminal intent to submit the case to the jury even without Gusmao’s admission.
 
 See Brewer v. State,
 
 413 So.2d 1217 (Fla. 5th DCA 1982) (en banc),
 
 rev. denied,
 
 426 So.2d 25 (Fla.1983). Given Gusmao’s out-of-court admission to the crime, this argument completely lacks merit.
 
 [2]
 

 AFFIRMED.
 

 ORFINGER, LAWSON, and EVANDER, JJ., concur.
 

 [1]
 

 . On appeal, Gusmao also cites
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), as did his trial counsel below, as a basis for prohibiting testimony as to his own out-of-court admissions during trial. Since there is apparently at least one attorney who views this as a valid argument, we note that the Sixth Amendment's Confrontation Clause is in no way implicated when the state offers a defendant’s own out-of-court statements as evidence at trial.
 

 [2]
 

 . Although Gusmao testified to a more innocent explanation of events at trial, in deciding the motion for judgment of acquittal the trial court properly viewed the evidence "in the light most favorable to the state.”
 
 L.R.W. v. State,
 
 848 So.2d 1263, 1265-66 (Fla. 5th DCA 2003).