PALMER, J.
Devore Laron Thomas (defendant) appeals his conviction for aggravated battery. Determining that the trial court fundamentally erred by issuing a faulty jury instruction on attempted voluntary manslaughter, we reverse.
The defendant was charged with attempted first-degree murder. The matter proceeded to trial before a jury. During the jury charge, the trial court issued instructions on several lesser included offenses, including attempted voluntary manslaughter. The instructions and verdict form presented the offenses in the following order: attempted second-degree murder, aggravated battery, attempted voluntary manslaughter, and battery. The jury found the defendant guilty of aggravated battery.[1]
The Florida Supreme Court has ruled that the standard jury instruction on manslaughter is defective. State v. Montgomery, 39 So.3d 252, 257 (Fla.2010). In Montgomery, the Court further stated that failing to properly instruct the jury on manslaughter, when it is one step below the crime for which the defendant is convicted, is fundamental error. Id. at 259. “If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense.” Pena v. State, 901 So.2d 781, 787 (Fla. 2005). Our court has recently applied Montgomery to attempted voluntary manslaughter. Burton v. State, — So.3d -, 2011 WL 1326258 (Fla. 5th DCA 2011).
Both parties agree that the trial court issued a faulty instruction on the lesser included offense of attempted voluntary manslaughter. The State maintains, however, that the issuance of the faulty in *882 struction was harmless because aggravated battery is actually a lesser included offense of attempted voluntary manslaughter. We disagree. The error was not harmless because, based on the order in which the charges were set forth in the instructions and verdict form, the jury could reasonably have concluded that the offenses were presented in descending order of seriousness and that attempted voluntary manslaughter was less serious than aggravated battery. As such, “it is impossible to determine whether the jury, if given the opportunity, would have ‘pardoned’ the defendant,” State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978), by convicting him of attempted voluntary manslaughter under a proper instruction.
Accordingly, we reverse the defendant’s conviction and sentence for aggravated battery, and remand for a new trial As in Burton, we certify that this decision conflicts with the Fourth District’s decision in Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), rev. granted, 64 So.3d 1262, 2011 WL 2567536 (Fla.2011).
REVERSED and REMANDED; CONFLICT CERTIFIED.
LAWSON and JACOBUS, JJ., concur.

. See § 784.045(l)(a), Fla. Stat. (2008).