BENTON, C.J.
Charged with burglary of a dwelling while armed and with attempted first-degree murder, April C. Graham was convicted of the lesser-included offenses of trespass and aggravated battery. She appeals her conviction for aggravated battery, contending that the trial court committed fundamental error in three different ways in instructing the jury. Finding none of the asserted errors was fundamental (or preserved for appeal), we affirm on that basis.
The state presented evidence at trial that Ms. Graham entered her boyfriend’s apartment through a bedroom window, and stabbed Natalie Banks with a knife causing great bodily harm. After defense counsel announced the defense was not requesting jury instructions on any lesser- *757 included offenses, the prosecutor requested that the jury be instructed, as to attempted first-degree murder, on the lesser-included offenses of attempted second-degree murder, attempted voluntary manslaughter, and aggravated battery with a deadly weapon. Defense counsel conceded the state was entitled to instructions on lesser-included offenses given “the current standing of the law,” see Williams v. State, 957 So.2d 595, 599 (Fla.2007), but objected to any instructions on lesser-included offenses “just in case that changes.” Later, defense counsel stated he had reviewed the verdict form[1] and, still later, a copy of the jury instructions the trial court proposed to give, and had no other objection to either. Nor was any objection interposed when the instructions were read to the jury.
1.
As written and as the trial court read them to the jury, the jury instructions defined aggravated battery, not as requiring the use of a deadly weapon, see § 784.045(1)(a)2., Fla. Stat. (2008), but as entailing the infliction of great bodily harm, permanent disability or permanent disfigurement. See § 784.045(1) (a) 1., Fla. Stat. (2008). On appeal for the first time, Ms. Graham contends that the trial court erred by using a definition of aggravated battery not subsumed in the attempted first-degree murder charge laid against her: The information charged that Ms. Graham “did unlawfully attempt to kill a human being, Natalie Banks, by stabbing her,” but did not allege great bodily harm, permanent disability or permanent disfigurement. See State v. Von Deck, 607 So.2d 1388, 1389 (Fla.1992) (“[A]n instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense.”); Andrews v. State, 679 So.2d 859, 859 (Fla. 1st DCA 1996) (concluding that an information charging attempted first-degree murder by stabbing with a knife alleged aggravated battery by using a deadly weapon but “[bjecause the information did not sufficiently allege commission of aggravated battery by causing great bodily harm, the trial court erred in instructing the jury” on the great bodily harm theory of aggravated battery).
Under controlling authority, however, because aggravated battery is lesser in degree and penalty than attempted first-degree murder, the trial court’s error is not fundamental. See Nesbitt v. State, 889 So.2d 801, 803 (Fla.2004) (“ ‘[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.’”) (quoting Ray v. State, 403 So.2d 956, 961 (Fla.1981)). Trial counsel’s failure to object to the definition of aggravated battery used in the jury instructions precludes relief on appeal on Andrews grounds.
2.
Trial counsel also stated no objection to the sequence in which the lesser-included offenses were listed. For the charge of attempted first-degree murder, the jury instructions and verdict form presented these lesser-included offenses in the following order: attempted second-de *758 gree murder, attempted voluntary manslaughter, and aggravated battery. The jury was twice informed:
You may find the defendant guilty as charged in the information or guilty of such lesser included crime as the evidence may justify or not guilty. If you return a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt.
See Fla. Std. Jury Instr. (Crim.) 3.12. On appeal for the first time, Ms. Graham asserts the trial court erred by listing aggravated battery after, instead of before, attempted voluntary manslaughter on the verdict form and when instructing the jury. She maintains that “it is reasonable to assume that the jurors believed that aggravated battery carried a lesser punishment than attempted manslaughter” based on the order in which the offenses appear on the verdict form and the fact that jurors are instructed that a verdict of guilty should be for the highest offense proven beyond a reasonable doubt.
Absent enhancement, aggravated battery is a second-degree felony, punishable by a maximum sentence of fifteen years’ imprisonment. See §§ 784.045(2), 775.082(3)(c), Fla. Stat. (2008). Again absent enhancement, manslaughter is also a second-degree felony, punishable by the same fifteen-year maximum. See § 782.07(1), Fla. Stat. (2008). Unlike the completed offense,[2] however, unenhanced attempted voluntary manslaughter is a third-degree felony, punishable by a maximum sentence of five years’ imprisonment. See §§ 782.07(1), 777.04(4)(d), 775.082(3)(d), Fla. Stat. (2008). The jury convicted Ms. Graham of aggravated battery, the lesser-included offense listed last on the verdict form, but the lesser-included offense listed last on the verdict form was not the least serious lesser-included offense listed. See Thomas v. State, 91 So.3d 880, 881-82 (Fla. 5th DCA 2012) (“The State maintains, however, that the issuance of the faulty instruction was harmless because aggravated battery is actually a lesser included offense of attempted voluntary manslaughter. We disagree.”).
Assuming arguendo Ms. Graham is correct in her assertion that the order in which the lesser-included offenses were listed was potentially misleading, we do not agree that the inversion of aggravated battery and attempted voluntary manslaughter constituted fundamental error. The jury was accurately instructed both on the elements of aggravated battery by causing great bodily harm and of attempted voluntary manslaughter, and the evidence supported the conviction for aggravated battery. “Jury instructions are subject to the contemporaneous objection rule and, absent an objection at trial, can be raised on appeal only if fundamental error occurred.... ‘[F]or jury instructions to constitute fundamental error, the error must “reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” ’ ” Taylor v. State, 62 *759 So.3d 1101, 1119 (Fla.2011) (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). On this record it cannot be said that Ms. Graham could not have been convicted of aggravated battery if all the lesser-included offenses had been listed in descending order of severity. Again, trial counsel raised no objection to the sequence in which the lesser-included offenses were listed and so failed to preserve the point for appeal.
3.
Finally Ms. Graham argues, again for the first time on appeal, that the “forcible felony instruction” compromised the jury’s evaluation of her claim that she acted in self-defense. Again we conclude fundamental error did not occur.
The jury was instructed that “the use of deadly force is not justified if you find ... the defendant was attempting to commit, committing, or escaping after the commission of a forcible felony.” Ms. Graham argues that the jury might have understood this instruction to rule out self-defense as a possible defense to aggravated battery considered alone, even if intended to convey only that the use of deadly force could not be justified if the jury found Ms. Graham was attempting to commit, committing, or escaping after the commission of a burglary when she stabbed Ms. Banks. She concedes the jury was entitled to be informed that committing burglary of a dwelling while armed renders self-defense unavailable to the burglar.
“[A]n independent forcible felony is required for the forcible-felony instruction to apply.” Martinez v. State, 981 So.2d 449, 453-54 (Fla.2008). Here Ms. Graham was charged with a forcible felony independent of and apart from the aggravated battery as to which she claimed self-defense, viz., burglary of a dwelling while armed. See Marshall v. State, 604 So.2d 799, 803 (Fla.1992) (concluding the defendant could not claim he killed the victim in self-defense because he was engaged in independent forcible felonies including burglary when the killing took place).
“Where the challenged jury instruction involves an affirmative defense, as opposed to an element of the crime, fundamental error only occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’” Martinez, 981 So.2d at 455 (quoting Smith v. State, 521 So.2d 106, 108 (Fla.1988)). To determine whether the trial was “fair,” we consider “the effect of the erroneous instruction in the context of the other instructions given, the evidence adduced in the case, and the arguments and trial strategies of counsel.” Smith v. State, 76 So.3d 379, 383 (Fla. 1st DCA 2011). In the present case, the prosecutor did not argue that the jury could not find Ms. Graham had acted in self-defense if it found that she had committed aggravated battery (or even that she had attempted first-degree murder). Instead, the prosecutor argued (without objection) only that Ms. Graham could not rely on self-defense if she stabbed Ms. Banks after or while committing a burglary by entering their common paramour’s apartment. Again, trial counsel never stated any objection to the “forcible felony instruction” now complained of.
Proper preservation requires a timely objection and specific grounds. See Castor v. State, 365 So.2d 701, 703 (Fla.1978). Trial counsel’s only objection to any jury instruction was the pro forma objection to informing the jury of lesser-included offenses at the prosecution’s behest, an objection the trial court correctly *760 overruled. See Williams, 957 So.2d at 599.
Affirmed.
LEWIS and ROWE, JJ., concur.

. The jury used the form to return a general verdict of guilty of aggravated battery, without specifying whether section 784.045(1)(a) 1. or 2., Florida Statutes (2008), had been violated.

. When both manslaughter and aggravated battery are appropriate lesser-included offenses, listing the former before the latter in the jury instructions and on the verdict form is natural and appropriate. See Chambers v. State, 975 So.2d 444, 454-55 (Fla. 2d DCA 2007) ("Prior to the opinion in Sanders [v.State, 944 So.2d 203 (Fla.2006)], most lawyers and judges would have assumed that all homicide offenses should be listed on the verdict form before the lesser offenses that were not homicide offenses. The schedule of lesser-included offenses contained in the Florida Standard Jury Instructions (Criminal) does not specifically include attempted crimes, but the schedules on completed homicides list offenses in this manner. Fla. Std. Jury Instr. (Crim.) at 622-624 (5th ed.).").