[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-13693, 11-14097
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-01961-GKS-GJK


TORRANCE L. JENKINS,
a.k.a. Terry L. Davis,

Petitioner-Appellant,

versus

SECRETARY DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(May 31, 2013)

Before  HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Torrance Jenkins, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, challenging his conviction for resisting an officer with violence.[1]  We consider only the claim on which the district court granted Jenkins a COA: "whether counsel rendered ineffective assistance by failing to request a jury instruction on the justifiable use of non-deadly force."  *See Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340 (11th Cir. 2007) (providing that our review is limited to the issues specified in the COA).  After review, we affirm the district court's denial of Jenkins' §2254 petition.[2]

Jenkins' request for federal habeas corpus relief is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Under § 2254(d), a federal court may not grant habeas relief on claims that were denied on the merits in state court unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

---

[1] This appeal is consolidated with Jenkins' appeal from the district court's order denying his motion to quash the order dismissing his case.  Jenkins was not granted a Certificate of Appealability (COA) as to the order denying his motion to quash and he has not made any argument regarding that appeal in his brief.  As such, we consider his appeal from the district court's order denying his motion to quash abandoned.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned.").

[2] A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo*.  *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998).

2

Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" in the state court.  28 U.S.C. § 2254(d)(1)-(2).[3]

The merits of an ineffective-assistance-of-counsel claim are governed by the standard announced in *Strickland v. Washington*, 104 S. Ct. 2052 (1984).  Under *Strickland*, a petitioner must show both (1) that his "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." *Strickland*, 104 S. Ct. at 2064.  *Strickland* is not applied *de novo*, "but rather through the additional prism of AEDPA deference."  *Lawrence v. Sec'y, Fla. Dep't of Corr.*, 700 F.3d 464, 477, 480 (11th Cir. 2012).  Thus, "the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* at 477 (internal quotation marks and alteration omitted).

With regard to the first element of § 2254(d)(1), there is no merit to Jenkins' argument that the state court's decision was contrary to clearly established federal law because the state court utilized the *Strickland* standard.  Jenkins argues the court should have analyzed his claim under *United States v. Cronic*,  104 S. Ct. 2039 (1984), because his counsel's failure to request a self-defense instruction effectively denied him counsel at a critical stage of his trial.  However, at no point during his trial was Jenkins actually or constructively denied the presence of

---

[3] Jenkins does not argue that the state court's decision was based on an unreasonable determination of the facts in light of the evidence, nor does he identify any facts that the state court unreasonably determined.

3

counsel. *See Bell v. Cone*, 122 S. Ct. 1842, 1851 & n.3 (2002). The failure to request a jury instruction is a specific attorney error that is subject to *Strickland*'s performance and prejudice components. *Cf. id.* at 1851-52 (holding that the failure of an attorney to perform specific tasks was insufficient for the second *Cronic* exception and should be judged under the *Strickland* standard). Thus, the state court correctly identified the principles announced in *Strickland* as those governing the analysis of Jenkins' claim.

With regard to the second element of § 2254(d)(1), the state court did not unreasonably apply *Strickland* to the facts of Jenkins' case when it determined that Jenkins failed to establish either deficient performance or prejudice. The state court found that defense counsel's conduct was not deficient and that an instruction on the justifiable use of deadly force was inconsistent with the theory of the case because Jenkins: (1) presented an actual-innocence defense and argued that any violence was the result of his involuntary muscle reaction and that any allegations otherwise were fabrications by the officer; and (2) did not present any evidence of the affirmative defense of self-defense. This was not an unreasonable conclusion based on Florida precedent regarding jury instructions. *See Bertolotti v. State*, 534 So. 2d 386, 387 (Fla. 1988) (holding defense counsel was not ineffective for failing to request a jury instruction that was not warranted by the evidence); *Phillips v. State*, 874 So. 2d 705, 707 (Fla. 1st DCA 2004) (holding the trial court correctly

4

denied a self-defense instruction where the defendant refused to acknowledge that he even wielded a knife).

As for prejudice, Jenkins must show a reasonable probability that the outcome of the proceedings would have been different but for the alleged deficiency in counsel's performance. *Strickland*, 104 S. Ct. at 2068. The state court's determination that Jenkins was not prejudiced as a result of his counsel's actions was not unreasonable because any request for an instruction on the justifiable use of deadly force would likely have been denied where no evidence of self-defense was presented. *See Phillips*, 874 So. 2d at 707.

**AFFIRMED.**