NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEVIN LAVONNE BRYANT,      )
                                   )

        Appellant,         )

                                   )

v.                          )      Case No. 2D13-4302

                                 )

STATE OF FLORIDA,         )

                                 )

        Appellee.          )

_____)

Opinion filed January 7, 2015.

Appeal from the Circuit Court for
Hillsborough County; Emmett Lamar
Battles, Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

Devin Lavonne Bryant appeals his judgment and sentence for aggravated assault with a deadly weapon as against victim Leugim Freytes-Calderon.[1] We conclude that the circuit court properly denied Bryant's motion for judgment of acquittal, and we therefore affirm.

Bryant argues that because Freytes-Calderon did not testify at trial, the State failed to prove two elements of the crime: that he [Bryant] threatened to do violence toward Freytes-Calderon and that Freytes-Calderon was in fear of imminent harm. See § 784.011(1), Fla. Stat. (2011). Bryant primarily relies on State v. Von Deck, 607 So. 2d 1388 (Fla. 1992), and Viveros v. State, 699 So. 2d 822, 825 (Fla. 4th DCA 1997), for the proposition that "elements of an offense cannot be established by mere inference." Von Deck, 607 So. 2d at 1389 (citing State v. Dye, 346 So. 2d 538, 541 (Fla. 1977)).

While we do not question that proposition, we find those cases are distinguishable. Von Deck did not provide an explanation of the facts and addressed a different legal issue than the one presented in this case. 607 So. 2d at 1389. And in Viveros, there was no evidence that the victim had even been "aware of or comprehended the events preceding the shooting" nor was there any evidence that the victim had been in fear. 699 So. 2d at 826.

Here, the evidence reflected that Bryant was observed shooting at a group of men, which included Freytes-Calderon, causing the men to run and duck down. One of the men who was in the group testified that as a result of the incident, he was "in shock" and "scared." We hold that these circumstances were such that they would

---

[1]At trial, he was also convicted of several other crimes, including another count of aggravated assault against a different victim. However, he does not substantively challenge those judgments and sentences on appeal.

-2-

" 'ordinarily induce fear in the mind of a reasonable man.' " Sullivan v. State, 898 So. 2d 105, 108 (Fla. 2d DCA 2005) (quoting Gilbert v. State, 347 So. 2d 1087, 1088 (Fla. 3d DCA 1977)); see also Jefferson v. State, 186 So. 2d 842, 843 (Fla. 2d DCA 1966) (holding that evidence was sufficient to establish aggravated assault where appellant was seen pointing and firing a gun at two women); Johnson v. State, 888 So. 2d 691, 692 (Fla. 4th DCA 2004) (holding that evidence was sufficient where appellant verbally threatened victim and pointed gun at him and then at a group of people causing everyone to scatter); L.R.W. v. State, 848 So. 2d 1263, 1265-66 (Fla. 5th DCA 2003) (holding that evidence was sufficient where there was testimony that appellant was seen threatening the victim and that other people were afraid); Parker v. State, 389 So. 2d 336, 337 (Fla. 4th DCA 1980) (holding that "a victim who sees another person in the act of shooting at him evidences a well-founded fear of imminent bodily harm when he ducks to avoid being shot"). The fact that Freytes-Calderon did not testify as to his fear is not dispositive. See Sullivan, 898 So. 2d at 108. We therefore affirm Bryant's judgment and sentence for aggravated assault with a deadly weapon as against Freytes-Calderon.

Bryant also challenges a scrivener's error appearing on the face of the judgment. The judgment form erroneously indicates that he pleaded guilty, despite the fact that the record reflects that he was convicted after a jury trial. The State concedes error. We therefore remand for the limited purpose of correcting the scrivener's error. See Willingham v. State, 48 So. 3d 173, 173 (Fla. 2d DCA 2010).

Affirmed and remanded.


NORTHCUTT and SILBERMAN, JJ., Concur.