IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL JOE MCCOY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5914

Opinion filed June 21, 2016.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Nancy A. Daniels, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant Michael J. McCoy was charged with the second-degree murder of a man with whom he believed his wife was having an affair and of the attempted second-degree murder of the wife. A jury found him guilty of the lesser-included offenses of manslaughter and aggravated battery with a firearm. On appeal, he challenges his judgment and sentence for aggravated battery with a firearm,

alleging that the jury instructions and verdict form were fundamentally erroneous because the aggravated battery was listed *after* the attempted manslaughter option. He avers that lesser offenses must be listed on a verdict form in descending order by degree of offense; because aggravated battery is a second-degree felony (which carries a maximum sentence of fifteen years in prison but was enhanced here by the 10-20-Life statute to a minimum mandatory penalty of twenty-five years in prison), it should have been listed *before* the attempted manslaughter offense, which is a third-degree felony (carrying a maximum of five years in prison).

An error in the trial court's listing of lesser-included offenses on a verdict form and in jury instructions is not fundamental error in this district. See Graham v. State, 100 So. 3d 755 (Fla. 1st DCA 2012). For that reason, McCoy urges this Court to certify conflict between Graham and the Fifth District's decision in Thomas v. State, 91 So. 3d 880 (Fla. 5th DCA 2012). In Thomas, the defendant was convicted of aggravated battery, but the Fifth District reversed the conviction and sentence. It remanded the case for a new trial, holding that "the trial court fundamentally erred" in the way it listed the lesser-included offenses because "the jury could reasonably have concluded that the offenses were presented in descending order of seriousness and that attempted voluntary manslaughter was less serious than aggravated battery. As such, it is impossible to determine whether the jury, if given the opportunity, would have 'pardoned' the defendant by

convicting him of attempted voluntary manslaughter under a proper instruction." Id. at 881-82. Because the jury was accurately instructed and the evidence supports McCoy's convictions obtained, we affirm the judgment and sentence at issue, but certify conflict with Thomas v. State, 91 So. 3d 880 (Fla. 5th DCA 2012).

AFFIRMED.

LEWIS, B.L. THOMAS, and MAKAR, JJ., CONCUR.