BASKIN, Judge.
The state charged Lappin with reckless driving and aggravated assault on a police officer as a result of an incident in which Lappin attempted to strike two police officers with his motor vehicle. Following his conviction in county court on the reckless driving count, Lappin filed a motion to dismiss the aggravated assault charge on double jeopardy grounds. The court granted the motion and dismissed the assault charge. The state appeals, arguing that the charged offenses are distinct crimes with different elements and that the prosecution of both charges is proper. We agree.
The Florida Supreme Court, applying the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), states that in deciding double jeopardy questions, the court must base its decision on the statutory elements of the offenses rather than the charging document or proof. State v. Baker, 456 So.2d 419 (Fla.1984); State v. Gibson, 452 So.2d 553 (Fla.1984); State v. Baker, 452 So.2d 927 (Fla.1984). If each offense has at least one element that the other lacks, the offenses constitute separate crimes even though they may arise from the same act or factual event. Baker, 456 So.2d 419; Gibson; § 775.021(4), Fla.Stat. (1983). Because reckless driving, § 316.192, Fla.Stat. (1983),[1] and aggravated assault, § 784.021, Fla.Stat. (1983),[2] do not have common statutory elements, they are distinct and separate crimes. Thus, even though both charges arise from the same act, double jeopardy principles present no impediment to Lappin’s prosecution for both offenses.
For these reasons, we reverse the lower court’s dismissal of the aggravated assault charge and remand for further proceedings in accordance with this opinion.

. Section 316.192(1), Fla.Stat. (1983), defines the prohibited elements of reckless driving as including:
1. driving a vehicle
2. in willful or wanton disregard for the safety of persons or property

. Section 784.021(1), Fla.Stat. (1983), includes in the elements of aggravated assault:
1. assault
2. a. with a deadly weapon without intent to kill or b. with an intent to commit a felony.
Assault is defined in section 784.011, Fla.Stat. (1983), as an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.