HARRIS, Chief Judge.
Khanh D. LaValley was charged with aggravated assault in the following language:
In that Khanh D. LaValley ... did commit a Aggravated Assault by an intentional, unlawful threat, by word or act, to do violence to [the victim] coupled with an apparent ability to do so, doing some act which created a well-founded fear ... that such violence was imminent and did commit said assault with a deadly weapon, to-wit: a Suzuki Samurai motor vehicle, without intent to kill.
The victim testified that he had a confrontation with LaValley’s brother. As he was heading home, LaValley and her brother pursued him in her vehicle. The victim testified that LaValley was going 45 m.p.h. in a 35 m.p.h. zone. At one point the vehicle came within one foot of him. When the victim ran into his home, LaValley (who had driven into his front yard) drove out of his front yard and hit a road sign down the street as she drove away.
The trial judge, over defense objection, gave a charge on reckless driving as a lesser included offense to the charge of aggravated assault. The jury returned a verdict of guilty of reckless driving and LaValley appealed. We affirm.
A permissive lesser included offense is one that may or may not be included within the main charge depending on the pleadings and the evidence. Such a charge should be given when the pleadings and the evidence demonstrate that the lesser offense is included within the charged offense. Russ v. State, 612 So.2d 688 (Fla. 2d DCA 1993).
One is guilty of reckless driving if he or she drives any vehicle in a willful or wanton disregard for the safety of persons or property.[1] We believe that a charge that one committed an aggravated assault by intentionally driving her vehicle in a threatening manner subsumes the elements of reckless driving. We held in Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989), rev. denied, 563 So.2d 632 (Fla.1990), that “willful and reckless disregard for the safety of others” could substitute for proof of intentional assault on the victim; here we believe that the allegation that one intentionally drove her ear so as to threaten another is sufficient to include *1128 the willful and wanton disregard for the safety of others.
AFFIRMED.
W. SHARP and THOMPSON, JJ., concur.

. Section 316.192(1), Florida Statutes (1991).