PER CURIAM.
Keith Wallace appeals from convictions of two counts of aggravated assault on a law enforcement officer and one count of resisting an officer without violence. Based upon the particular facts in this case, we reverse.
The evidence shows that Wallace was attempting to flee from police when he entered his car, maneuvered it from its parking space, and drove it directly towards the officers standing in his path. At trial, Wallace requested that the jury be instructed on the charge of reckless driving as a permissible lesser included offense of the aggravated assault charges; this request was denied. The trial court did give an instruction on simple assault as a lesser included offense.
The trial court’s failure to give the requested instruction on reckless driving as a *430 permissible lesser included offense was error. LaValley v. State, 633 So.2d 1126 (Fla. 5th DCA 1994) (a charge on a lesser included offense is to be given when the pleadings and evidence show that offense is included within the charged offense). We find that this case falls in line with LaValley: reckless driving can be a lesser included offense of aggravated assault. The allegation within the information that Wallace intentionally drove his car in such a way as to threaten the officers was “sufficient to include the willful and wanton disregard for the safety of others” necessary to establish reckless driving. LaValley, 633 So.2d at 1127-28.
Reversed and remanded for a new trial.