790 So.2d 440 (2000)
Edward C. STEWART, Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 1D98-331, 1D98-333.
District Court of Appeal of Florida, First District.
March 21, 2000.
Nancy A. Daniels, Public Defender, Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee/Cross-Appellant.
PER CURIAM.
Although the trial court's reasons for denying appellant's request for a jury instruction on resisting a merchant were erroneous, we affirm appellant's conviction for armed robbery. See Mylock v. State, 750 So.2d 144 (Fla. 1st DCA 2000). The elements of such offense were not specifically alleged in the information. State v. Von Deck, 607 So.2d 1388 (Fla.1992).
On the state's cross-appeal, however, we reverse the trial court's order finding section 775.082(8), Florida Statutes (1997), the Prison Releasee Reoffender Punishment Act, unconstitutional. Each of the grounds the trial court citedseparation of powers, cruel and unusual punishment, ex post facto and due processhas been rejected by the courts of this state. See Chambers v. State, 752 So.2d 64 (Fla. 1st DCA 2000).
*441 We nevertheless certify the question we certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999), as a question of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for resentencing.
ERVIN and BOOTH, CONCUR; BENTON, J., CONCURS IN RESULT WITH OPINION.
BENTON, J., concurring in result.
Edward C. Stewart argues for reversal of his conviction for armed robbery on grounds the trial court did not instruct on the lesser included offense of resisting a merchant. See § 812.015(6), Fla. Stat. (1997). I concur in the judgment affirming the conviction because the trial court did instruct on simple robbery (and theft); and resisting a merchant is a permissive lesser included offense more than one step removed from armed robbery. See, e.g., Perry v. State, 522 So.2d 817, 819-20 (Fla. 1988).
In the light most favorable to the state, the trial evidence showed that Mr. Stewart took two cartons of cigarettes from a Wal-Mart store, was accosted by a store employee, then drew a knife and ran across the parking lot before the employee apprehended and overpowered him. No knife was found.
Unless the state reconsiders and adopts Judge Peach's view "that if the Defendant were given a life sentence to prison for the factual scenario that was in evidence at trial, there would be a miscarriage of justice, as well as a waste of the State's incarcerative resources," today's decision requires imposition of a life sentence on remand, § 775.082(8)(a), Fla. Stat. (1997), in which case Mr. Stewart would "not be eligible for parole, control release, or any form of early release." § 775.082(8)(b), Fla. Stat. (1997).