PER CURIAM.
 

 Montez Anderson, Appellant, challenges his conviction and sentence for attempted second-degree murder. We reverse and remand for a new trial because the trial court fundamentally erred in instructing the jury that intent to kill was an element of attempted manslaughter by act, which was the lesser-included offense one step removed from the crime of which Appellant was convicted.
 
 See State v. Montgomery,
 
 39 So.3d 252, 258-60 (Fla.2010);
 
 Lamb v. State,
 
 18 So.3d 734, 735 (Fla. 1st DCA 2009);
 
 Herring v. State,
 
 43 So.3d 823, 824 (Fla. 1st DCA 2010).
 

 Our reversal based on the erroneous attempted manslaughter instruction renders Appellant’s remaining arguments moot. However, we will address one additional issue because it is likely to arise again at the new trial. Below, Appellant was charged with attempted first-degree murder, and he requested instructions on aggravated battery and simple battery, among other crimes, as permissive lesser-included offenses of the charged offense. The trial court denied the requested instructions. We conclude that the trial court should have instructed the jury on aggravated battery and simple battery for the reasons that follow.
 

 In charging Appellant with attempted first-degree murder, the State made the following allegations:
 

 On August 14, 2007, Montez Anderson and Lamonte Herring did unlawfully attempt to kill a human being, Kenneth A. Moore, by shooting with a firearm, and the attempted Wiling was perpetrated from or with a premeditated design or intent to effect the death of Kenneth A. Moore, and in the course of committing the attempted murder, carried and actually possessed and discharged a firearm inflicting great bodily harm, contrary to [sections 777.04(4)(b), 782.04(l)(a)l[,] and 775.087(l)(a)[,] Florida Statutes.
 

 At trial, the State presented evidence from which the jury could conclude that Appellant shot at the victim, causing a gunshot wound.
 

 Because the applicability of a permissive lesser-included offense is a purely legal issue, our review is de novo.
 
 See Williams v. State,
 
 957 So.2d 595, 598 (Fla.2007). A necessarily lesser-included offense is one for which the elements are
 
 *613
 
 always subsumed by the elements of the greater offense.
 
 Carle v. State,
 
 988 So.2d 693, 695 (Fla. 1st DCA 2008). In contrast, a permissive lesser-included offense is one that may or may not be applicable, depending on the charging document and the evidence presented.
 
 Amado v. State,
 
 585 So.2d 282, 282 (Fla.1991). The Florida Supreme Court has explained that a permissive lesser-included offense exists “when ‘the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.’ ”
 
 Williams,
 
 957 So.2d at 598 (citations omitted) (alterations in original). If this condition is met and the evidence adduced at trial establishes the elements of the lesser-included offense, then the trial court must instruct the jury on that offense upon request.
 
 Khianthalat v. State,
 
 974 So.2d 359, 360 (Fla.2008).
 

 Aggravated battery, the first requested lesser-included offense, is statutorily defined as follows:
 

 (l)(a) A person commits aggravated battery who, in committing battery:
 

 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
 

 2. Uses a deadly weapon.
 

 § 784.045, Fla. Stat. (2007). Here, the facts alleged in the information directly supported the elements of aggravated battery by stating that Appellant inflicted great bodily harm with a firearm while intending to cause the victim’s death.
 
 State v. Johnson,
 
 601 So.2d 219, 220-21 (Fla.1992) (holding that it was proper to instruct the jury on aggravated battery as a permissive lesser-included offense of attempted first-degree murder where the State alleged in the information and presented evidence that the defendant shot the victim in an attempt to kill him);
 
 see Andrews v. State,
 
 679 So.2d 859, 859 (Fla. 1st DCA 1996) (acknowledging that aggravated battery is a permissive lesser-included offense of first-degree murder when the information sufficiently alleges commission of aggravated battery either by causing great bodily harm or by using a deadly weapon). Based on those allegations and the evidence adduced at trial, the court should have instructed the jury on aggravated battery.
 

 Simple battery, the second requested lesser-included offense, consists of (1) actually and intentionally touching or striking another person against his or her will or (2) intentionally causing bodily harm to another person. § 784.03(l)(a), Fla. Stat. (2007). Here, the allegations of the information and the proof adduced at trial directly supported a finding that Appellant intentionally caused bodily harm to the victim. The fact that the evidence also supported a conviction for a much greater offense did not obviate the need for honoring Appellant’s request that the jury be instructed on simple battery.
 
 See Amado,
 
 585 So.2d at 283 (holding that the trial court reversibly erred in depriving the jury of its pardon power by refusing to instruct the jury on simple possession as a lesser-included offense of trafficking in cocaine where there was overwhelming evidence that the amount of drugs the defendant possessed exceeded the amount required for a trafficking conviction).
 

 In sum, we reverse for a new trial based on the
 
 Montgomery
 
 issue and note that, at the new trial, the court should instruct the jury on aggravated battery and simple battery as lesser-included offenses of attempted first-degree murder if those instructions are requested.
 

 VAN NORTWICK, LEWIS, and ROBERTS, JJ., concur.