ON THE STATE’S MOTION FOB REHEARING AND/OR MOTION FOR REHEARING EN BANC AND MOTION FOR CERTIFIED QUESTION OF GREAT PUBLIC IMPORTANCE

GERBER, J.
We deny the state’s motion for rehearing and/or motion for rehearing en banc and motion for certified question of great public importance. However, we withdraw our opinion issued April 16, 2014, and substitute the following opinion.
The defendant appeals his conviction for aggravated battery with a deadly weapon, where the state alleged that the defendant struck the victim with an automobile. The defendant argues that the trial court erred in denying his request for a reckless driving instruction as a permissive lesser included offense. We agree with the defendant and reverse.
The state’s information, charging the defendant with aggravated battery with a deadly weapon, alleged that the defendant “did unlawfully and intentionally touch or strike [the victim] against his will with a deadly weapon, to wit: a Kia Sephia four-door automobile.”
At the trial, the victim testified that he was standing in his kitchen when he looked outside and saw the defendant drive up in a car, exit the car, and take a hedge trimmer from his next door neighbor’s driveway. When the victim approached the defendant, the defendant jumped back into the car’s driver’s seat. The victim ran up next to the car’s passenger side mirror, and the defendant began driving away. The defendant’s car swerved and struck the victim’s hip, sending him to the ground. According to the victim, the defendant then “took off, down the street. Almost plowed straight into a van.”
At the charge conference, the defense requested the trial court to instruct the jury on reckless driving as a permissive lesser included offense of aggravated battery with a deadly weapon. The state argued that the instruction was improper because the information charged the defendant with a crime requiring intent, but reckless driving required only willful and wanton disregard for the safety of persons or property.
The trial court denied the defense’s request for a reckless driving instruction, reasoning that “[u]nder the facts and circumstances of this case, I don’t think [that] lesser applies at all.” The trial court instead instructed the jury on aggravated battery with a deadly weapon and the necessary lesser included offense of simple battery. The jury found the defendant guilty of aggravated battery with a deadly weapon as charged in the information.
This appeal followed. The defendant argues that the trial court erred in denying his request for a reckless driving instruction as a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon was an automobile.
We generally review a trial court’s decision on whether to give a requested jury instruction on a permissive lesser offense for an abuse of discretion. See State v. Espinosa, 686 So.2d 1345, 1347 (Fla.1996) (“[T]he giving of an instruction on a lesser offense is a matter of discretion for the trial judge, who must determine whether the charging document and evidence at trial support the giving of the instruction on the lesser offense as a permissive lesser-included offense.”).
*669 However, where the facts are undisputed and the legal determination to be made on appeal is whether an offense is a permissive lesser included offense to the crime charged, our standard of review is de novo. See Khianthalat v. State, 974 So.2d 359, 360 (Fla.2008) (whether the defendant was entitled to a jury instruction as a permissive lesser included offense was a matter involving a legal determination based upon undisputed facts and, therefore, the standard of review was de novo).
Applying de novo review here, we conclude that the trial court erred in denying the defendant’s request for a reckless driving jury instruction as a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon was an automobile.
“A permissive lesser included offense exists when the two offenses appear to be separate on the face of the statutes, but the facts alleged in the accusatory pleadings are such that the lesser included offense cannot help but be perpetrated once the greater offense has been.” Sanders v. State, 944 So.2d 203, 206 (Fla.2006) (quotation marks, brackets, and citation omitted). “Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: (1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements.” Khianthalat, 974 So.2d at 361 (citations and quotation marks omitted).
Here, we conclude that reckless driving is a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon is an automobile. The facts alleged in the information are such that the lesser included offense of reckless driving cannot help but be perpetrated once the greater offense of aggravated battery with a deadly weapon has been committed when the alleged deadly weapon is an automobile. Cf. Wallace v. State, 688 So.2d 429, 429-30 (Fla. 3d DCA 1997) (allegation within an aggravated assault charge that the defendant intentionally drove his car in such a way as to threaten officers was sufficient to include the willful and wanton disregard for the safety of others necessary to establish reckless driving); LaValley v. State, 633 So.2d 1126, 1127 (Fla. 5th DCA 1994) (a charge that one committed an aggravated assault by intentionally driving a vehicle in a threatening manner subsumes the elements of reckless driving).
Further, the two conditions for giving a jury instruction on a permissive lesser included offense were met in this case. As to the first condition, the state’s information alleged all of the statutory elements of the permissive lesser included offense of reckless driving. Specifically, the information alleged that the defendant “did unlawfully and intentionally touch or strike [the victim] against his will with a deadly weapon, to wit: a Kia Sephia four-door automobile,” while reckless driving occurs when a person “drives any vehicle in willful or wanton disregard for the safety of persons or property.” § 316.192(l)(a), Fla. Stat. (2011). Although the two offenses appear to be separate on their face, the charge of aggravated battery with a deadly weapon alleges all of the statutory elements of reckless driving when the alleged deadly weapon is an automobile. Cf. Wallace, 688 So.2d at 429-30; LaValley, 633 So.2d at 1127-28.
As to the second condition, there was evidence adduced at trial establishing the elements of reckless driving. The victim testified that the defendant’s car swerved and struck his hip, sending him to the ground. According to the victim, the de *670 fendant then “took off, down the street. Almost plowed straight into a van.” This evidence was sufficient to show that the defendant was driving the car in willful or wanton disregard for the safety of persons or property.
Based on the foregoing, the trial court erred in denying the defendant’s request for a reckless driving instruction as a permissive lesser included offense of aggravated battery with a deadly weapon.
The state argues that any error was harmless. The state points out that the trial court instructed the jury on both aggravated battery with a deadly weapon as charged in the information and the necessary lesser included offense of simple battery. According to the state, because the jury found the defendant guilty of aggravated battery with a deadly weapon, but did not find the defendant guilty of simple battery, which was one degree removed from the crime charged, no reason exists to believe that the jury would have found the defendant guilty of only reckless driving, which was two degrees removed from the crime charged.
We disagree with the state. We recognize that “when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.” Pena v. State, 901 So.2d 781, 787 (Fla.2005). However, we know of no authority holding that when a jury fails to find the defendant guilty of a crime one degree removed from the crime for which the defendant is convicted, the error to instruct the jury on a crime two degrees removed from the crime charged is per se harmless, as the state appears to contend.
Thus, we must apply a harmless error analysis. Under the harmless error analysis, “[i]f the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.” State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986). Applying a harmless error analysis here, we cannot say beyond a reasonable doubt that the error in not instructing the jury on reckless driving as a lesser included offense of aggravated assault with a deadly weapon did not affect the verdict. Both the crime of aggravated battery with a deadly weapon and the crime of simple battery require the state to prove that the defendant intentionally touched or struck the victim against the victim’s will or that the defendant intentionally caused bodily harm to the victim. See § 784.045(1)(a)2., Fla. Stat. (2011) (“A person commits aggravated battery who, in committing battery ... [u]ses a deadly weapon.”); § 784.03(l)(a), Fla. Stat. (2011) (“The offense of battery occurs when a person ... [ajctually and intentionally touches or strikes another person against the will of the other; or ... [i Intentionally causes bodily harm to another person.”) (emphasis added). However, the crime of reckless driving does not require the state to prove any such intent. Instead, the crime of reckless driving requires the state to prove that the defendant merely drove a vehicle “in willful or wanton disregard for the safety of persons or property.” § 316.192(l)(a), Fla. Stat. (2011).
Here, the jury could have found the state did not prove that the defendant intentionally touched or struck the victim against his will as alleged in the information. Instead, the jury could have found that the defendant merely drove his vehicle “in willful or wanton disregard for the safety of persons or property.” If the jury would have made that finding, and if the trial court had instructed the jury on reckless driving, then the jury could have found the defendant guilty of only reckless driving as a permissive lesser included of *671 fense of aggravated battery with a deadly weapon. Because of that possibility, the court’s error in denying the defendant’s request for a reckless driving instruction as a permissive lesser included offense of aggravated battery with a deadly weapon was not harmless. Cf. McKiver v. State, 55 So.3d 646, 650 (Fla. 1st DCA 2011) (appellate court could not say beyond a reasonable doubt that the error in not instructing on a permissive lesser included offense two degrees removed from the crime charged did not affect the verdict).
In sum, the trial court erred in denying the defendant’s request for a reckless driving instruction as a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon was an automobile. The error was not harmless. Based on the foregoing, we reverse the defendant’s conviction for aggravated battery with a deadly weapon. We remand for a new trial at which the trial court shall instruct the jury on reckless driving as a permissive lesser included offense of aggravated battery with a deadly weapon if so requested.

Reversed and remanded for a new trial.

STEVENSON and MAY, JJ„ concur.[1]