# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D15-5433

_____

TIMOTHY ANDERSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
James O. Shelfer, Judge.

May 25, 2018


PER CURIAM.

After a night out at a local club, Timothy Anderson's girlfriend left in her car with some friends. Anderson took off after them in his truck, driving erratically at times and eventually hitting his girlfriend's car. Anderson was convicted of aggravated assault with a deadly weapon. His sole argument on appeal is that the jury should have been instructed on the lesser-included offense of reckless driving. Because the trial court did not err by declining to give the requested instruction, we affirm.

Anderson's defense at trial was that while he was admittedly driving recklessly, he did not intentionally hit his girlfriend's car. He argues that he was entitled to a jury instruction on reckless driving as a lesser-included offense because he did not possess the intent necessary to be convicted of aggravated assault or simple assault, on which the jury was instructed. Since this issue involves

a question of law based upon undisputed facts, our standard of review is de novo. *Khianthalat v. State*, 974 So. 2d 359, 360-61 (Fla. 2008).

A permissive lesser-included offense exists when "the two offenses appear to be separate on the face of the statutes, but the facts alleged in the accusatory pleadings are such that the lesser included offense cannot help but be perpetrated once the greater offense has been." *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006) (alterations omitted) (quoting *State v. Weller*, 590 So. 2d 923, 925 n.2 (Fla. 1991)). Upon request, a trial judge is required to instruct the jury on a permissive lesser-included offense if two conditions are met: (1) the charging document alleges all the statutory elements of the lesser offense, and (2) there is some evidence presented at trial establishing each element of the requested lesser-included offense. *State v. Knighton*, 235 So. 3d 312, 315 (Fla. 2018) (quoting *Khianthalat*, 974 So. 2d at 361).

The offense of reckless driving involves driving a vehicle "in willful or wanton disregard for the safety of persons or property." § 316.192(1)(a), Fla. Stat. In this case, the information charging Anderson with aggravated assault with a deadly weapon alleged that he "did unlawfully and intentionally make an assault upon [his girlfriend] with a motor vehicle, a deadly weapon without intent to kill, contrary to Section 784.021(1)(a), Florida Statutes."

Noticeably absent from the information is an allegation that Anderson was *driving* the vehicle, an essential element of reckless driving. *See State v. Lappin*, 471 So. 2d 182, 183 n.1 (Fla. 3d DCA 1985) (noting that first element of reckless driving is "1. driving a vehicle"). Anderson nevertheless contends that all the statutory elements of reckless driving are subsumed in the aggravated assault charge because it is not possible to commit aggravated assault with a motor vehicle without driving the vehicle. For support, he relies primarily on *Piggott v. State*, 140 So. 3d 666, 669 (Fla. 4th DCA 2014), which held that reckless driving is a permissive lesser-included offense of aggravated battery with a deadly weapon when the weapon is a motor vehicle.

The information in *Piggott* charged the defendant with striking the victim "with a deadly weapon, to wit: a Kia Sephia four-door automobile." *Id.* The court concluded that the first

2

condition of the test for a permissive lesser-included offense was met because the charging document alleged "all the statutory elements of reckless driving."[1] On rehearing, and in response to the State's post-opinion argument that the information failed to include the element of driving, the court reasoned that "our interpretation of the information, when viewed at the time of the charge conference, cannot ignore the undisputed evidence that the defendant was driving the automobile which is alleged to have been the instrument of the alleged aggravated battery with a deadly weapon upon the victim." *Id.* at 671 n.1.

We disagree with the analysis of *Piggott* and conclude that the first condition of the test for a permissive lesser-included offense is not met in this case as the facts alleged in the information are not "such that the lesser included offense cannot help but be perpetrated once the greater offense has been." *Anderson v. State*, 70 So. 3d 611, 613 (Fla. 1st DCA 2011) (alteration omitted) (quoting *Williams v. State*, 957 So. 2d 595, 598 (Fla. 2007)).

It is not enough that there was undisputed evidence at trial that Anderson was driving his truck at the time of the assault. The first step in the analysis asks only whether the charging document alleges all the statutory elements of the lesser offense, without consideration of the evidence presented at trial. *See Wright v. State*, 983 So. 2d 6, 9 (Fla. 1st DCA 2007). Therefore, in *Wright*, we held that a defendant convicted of grand theft auto was not

---

[1] The court relied on two cases for support: *Wallace v. State*, 688 So. 2d 429, 430 (Fla. 3d DCA 1997) ("The allegation within the information that Wallace *intentionally* drove his car in such a way as to threaten the officers was 'sufficient to include the willful and wanton disregard for the safety of others' necessary to establish reckless driving."), and *LaValley v. State*, 633 So. 2d 1126, 1127 (Fla. 5th DCA 1994) ("We believe that a charge that one committed an aggravated assault by intentionally driving her vehicle in a threatening manner subsumes the elements of reckless driving."). Both opinions contain language suggesting that the charging document in each of the cases alleged the element of driving. However, the opinion in *LaValley* also contains the wording of the charging document, which does not include that specific allegation.

3

entitled to an instruction on the lesser charge of trespass in a conveyance. *Id.* The evidence showed the defendant committed the grand theft by driving off in a BMW, but the information did not specifically allege the defendant entered the vehicle, an essential element of trespass. *Id.* It did not matter that the State had proven entry; the information controlled. *Id.*

Our decision in *Wright* was no outlier. In *Phillips v. State*, 874 So. 2d 705, 706 (Fla. 1st DCA 2004), the defendant was convicted of aggravated battery with a deadly weapon, after the evidence established that he stabbed two men with a knife. On appeal, the defendant insisted the trial court should have instructed the jury on the lesser offense of improper exhibition of a deadly weapon. *Id.* at 707. We rejected that contention, precisely because an element of the latter offense—that the defendant "exhibited his knife 'in a rude, careless, angry or threatening manner'"—was not charged in the information. *Id.* (quoting statute). Similarly, in *Stewart v. State*, 790 So. 2d 440, 440 (Fla. 1st DCA 2000), a defendant convicted of armed robbery argued he was entitled to an instruction on resisting a merchant. *Id.* We rejected that argument because, again, "[t]he elements of such offense were not specifically alleged in the information." *Id.*

The requirement that the elements of the lesser offense be "specifically alleged in the information" means it is not enough that the element of driving could be inferred from Anderson's charging document because driving might be the most common manner in which an assault with a motor vehicle occurs.[2] In *State*

---

[2] We reject Anderson's argument that it is not possible to commit aggravated assault with a motor vehicle without driving the vehicle. In an analogous case, Texas' highest court for criminal cases identified several other ways in which aggravated assault with a deadly weapon by use of a motor vehicle could occur, such as by "locking the victim in a hot car, slamming the victim's head against the car frame, rigging the car's gas tank to explode, placing the car in neutral and allowing it to run into the victim or a building, suffocating the victim in the trunk, or running the car in an enclosed area to cause carbon monoxide poisoning." *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011). In that case, the court held that reckless driving was not a lesser-included

*v. Von Deck*, the Florida Supreme Court made clear that "Florida law is well settled that the elements of an offense cannot be established by mere inference." 607 So. 2d 1388, 1389 (Fla. 1992). In *Von Deck*, the defendant was charged with attempted premeditated murder by shooting at the victim with a firearm. 607 So. 2d at 1389. The issue was whether the State was entitled to a jury instruction on the lesser-included offense of aggravated assault where the information did not allege an essential element of the lesser offense, namely that the defendant's actions caused a well-founded fear in the victim that violence was imminent. *Id.* The State argued the missing element of "well-founded fear" could be inferred from the charging document because a shooting is likely to create such a fear. *Id.* Unpersuaded, the court explained, "While this may be true in some cases, it will not be true in all. It is possible to commit an attempted murder without also committing aggravated assault, such as where the victim remains unaware of the attempted murder until some time has elapsed after the commission." *Id.* The court concluded that aggravated assault was not a lesser-included offense of attempted murder as charged. *Id.* at 1389-90; *see also Farley v. State*, 740 So. 2d 5, 7 (Fla. 1st DCA 1999) ("The State's argument that '[u]sing a knife to inflict bodily harm on someone is at the very least exhibiting the weapon in a rude, careless, angry or threatening manner' is an attempt to allege the required elements by inference. This is impermissible . . . ."); *Andrews v. State*, 679 So. 2d 859, 859-60 (Fla. 1st DCA 1996).

Binding precedent therefore compels us to reject the argument that the trial court should have given the reckless driving instruction. And because we find no error, we need not address the separate issue of whether the jury's decision to convict on the greater offense would render harmless any error in denying a lesser-included instruction.

---

offense of aggravated assault with a deadly weapon, i.e., a motor vehicle, where the information failed to allege that the defendant was driving. *Id.* at 147.

We affirm the judgment below and certify conflict with *Piggott v. State*, 140 So. 3d 666 (Fla. 4th DCA 2014).

AFFIRMED; CONFLICT CERTIFIED.

RAY and WINSOR, JJ., concur; MAKAR. J., concurring in part and dissenting in part.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., concurring in part and dissenting in part.

I concur in certifying conflict with *Piggott v. State*, 140 So. 3d 666, 669 (Fla. 4th DCA 2014), which holds that "reckless driving is a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon is an automobile." *Piggott* sets forth the better approach in deciding whether a jury instruction on a lesser-included offense *requested by a defendant* should be given. Although a charging document is very important in providing notice of the charge alleged, as the Sixth Amendment requires, *Piggott* persuasively points out that what is even more important from the defense's perspective is the actual basis of a charge at the time of the charge conference, when predicate facts are conclusively framed and jury instructions approved. At that point, a lesser-included offense may have become obvious that was not at the outset.

This case provides a good example. Although the information charging Anderson with aggravated assault with a deadly weapon, i.e., his car, it did not explicitly say that he "drove" the car, leaving open other possibilities (such as locking the victim in the trunk and pushing the car into a lake); it became incontestable at the charge conference (and probably much sooner) that *driving* the car into the victim's vehicle was the charged conduct, thereby making reckless driving an obvious lesser-included offense for which a jury instruction was appropriate.

6

As Judge Gerber said in *Piggott*, the charged conduct must be considered in light of the "undisputed evidence" at the time of the charge conference:

> While we recognize the possibility of a defendant being charged with battery for "slamming the hood or door of a car on the head of a victim" or the more remote possibility of "dropping a car from a crane onto a victim," our interpretation of the information, when viewed at the time of the charge conference, cannot ignore the undisputed evidence that the defendant was driving the automobile which is alleged to have been the instrument of the alleged aggravated battery with a deadly weapon upon the victim.

*Piggott*, 140 So. 3d at 671 n.1. Simply put, trial judges should not be told to put on blinders at a charge conference, looking only at an information filed months or years earlier, when it has become obvious that a lesser-included instruction requested by the defendant is appropriate in light of a fact not then in dispute (here, that the car was driven, not dropped from the sky, used as a bludgeon, and so on). Unlike when the prosecution seeks to inject a new charge at trial as a lesser-included offense, which implicates notice and due process concerns, a defendant requesting a lesser-included offense instruction at trial acquiesces to the instruction and thereby obviates constitutional concerns to a great extent.

Limiting review solely to the information as originally drafted—and forcing trial judges to ignore subsequent indisputable factual developments—is a recipe for gamesmanship when defendants request instructions on lesser-included offenses. Because an information's content is exclusively controlled by the State, a game of "heads I win, tails you lose" can result if a Spartan information is drafted, alleging aggravated assault but leaving out whether the car was driven, thereby precluding a defendant from claiming a legitimate lesser-included offense based on the facts developed prior to trial; no suggestion is made that was the intent here, but that is the result. Had the State alleged in its information against Anderson that the assault upon the victim was by "driving ~~with~~ a motor vehicle," it could not now argue that the lesser-included offense of reckless driving was precluded. What an

7

odd result: Anderson loses his right to the lesser-included offense instruction of reckless driving simply because the original information left out the word "driving"—even though everyone knew pre-trial that was the means of assault. Even odder is that in *LaValley v. State*, 633 So. 2d 1126, 1127 (Fla. 5th DCA 1994), the State successfully sought the same instruction over the defendant's objection, the defendant was found guilty of the reckless driving charge, and the appellate court affirmed, saying "we believe that a charge that one committed an aggravated assault by intentionally driving her vehicle in a threatening manner subsumes the elements of reckless driving." These disparate results in the caselaw support the conflict certified.

Under the approach in *Piggott* and *LaValley*, anomalous situations are avoided; defendants cannot be disadvantaged via artful or inartful drafting of the information. It's hard to conclude what the majority rule is nationwide, *see* Russell G. Donaldson, Annotation, *Lesser-related state offense instructions: modern status*, 50 A.L.R.4th 1081 (1986), but the better view takes account of factual realities when defendants seek lesser-included jury instructions at the time jury instructions are approved. For this reason, *Piggott* and similar cases make more sense.

––––––––––––––––––––––––

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and David Llanes and Amanda Stokes, Assistant Attorneys General, Tallahassee, for Appellee.