# Supreme Court of Florida

_____

No. SC18-1059
_____

**TIMOTHY ANDERSON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

March 5, 2020

LAWSON, J.

This case is before the Court for review of the First District Court of

Appeal's decision in *Anderson v. State*, 247 So. 3d 680 (Fla. 1st DCA 2018),

which affirmed Timothy Anderson's felony conviction for aggravated assault with

a deadly weapon, an automobile, and rejected Anderson's argument that his jury

should have been instructed on reckless driving as a lesser-included offense. The

First District certified that its decision directly conflicts with *Piggott v. State*, 140

So. 3d 666 (Fla. 4th DCA 2014), in which the Fourth District held on similar facts[1]

---

1. The Fourth District's decision in *Piggott* references the defendant's
charge as aggravated assault with a deadly weapon within its harmless error
analysis but as aggravated battery with a deadly weapon in the remainder of its

that a defendant is entitled to have his jury instructed on reckless driving as a lesser offense. *Anderson*, 247 So. 3d at 684. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. For the reasons explained below, we approve the First District's decision in *Anderson* and disapprove the Fourth District's decision in *Piggott*.

## BACKGROUND

Timothy Anderson was charged with and convicted of aggravated assault with a deadly weapon after he drove his truck erratically and struck his girlfriend's car. *Anderson*, 247 So. 3d at 681. The criminal information alleged that Anderson "did unlawfully and intentionally make an assault upon [Anderson's girlfriend] with a motor vehicle, a deadly weapon[,] without intent to kill, contrary to [s]ection 784.021(1)(a), Florida Statutes [(2014)[2]]." *Id.* at 682. At trial, Anderson requested a jury instruction on the offense of reckless driving as a permissive lesser-included offense. *Id.* at 681. The trial court denied his request. *Id.* On appeal, Anderson argued entitlement to a new trial at which the judge instructs the

---

opinion. *See Piggott*, 140 So. 3d at 670. *But see id.* at 668-71 (referencing the defendant's charge and conviction as "aggravated battery with a deadly weapon"). Although aggravated assault with a deadly weapon and aggravated battery with a deadly weapon are different levels of offenses under chapter 784, Florida Statutes (2014), it is the nature of the deadly weapon, an automobile, and not whether the offense is an assault or battery, that is relevant to the conflict issue.

2. Although Anderson was charged under the 2014 version of this statute, there is no substantive difference between the 2014 version and the current version of section 784.021(1)(a).

jury on reckless driving as a lesser-included offense of aggravated assault with a deadly weapon. *Id.*

The First District affirmed Anderson's conviction and sentence, reasoning that reckless driving is not a permissive lesser-included offense of aggravated assault with a deadly weapon, an automobile, unless the charging instrument alleges that the defendant was driving at the time of the offense—which the First District found not to have been alleged. *Id.* at 683-84. The First District also certified conflict with the Fourth District's decision in *Piggott*, which came to the opposite conclusion, namely that reckless driving is a permissive lesser-included offense of aggravated battery with a deadly weapon so long as the weapon alleged is a motor vehicle and it is undisputed at trial that the defendant was driving. *Id.* at 684; *Piggott*, 140 So. 3d at 669, 671 n.1.

## ANALYSIS

Anderson argues that because (1) the information alleged use of an automobile to commit the offense and (2) it was undisputed that he was driving at the time of the offense, he was entitled to a jury instruction on the charge of reckless driving as a permissive lesser-included offense. We review this legal issue de novo. *See Khianthalat v. State*, 974 So. 2d 359, 360 (Fla. 2008). We reject this argument and will (1) explain the relevant law regarding permissive lesser-included offenses, (2) explain why reckless driving is not an applicable

lesser-included offense of the aggravated assault charge in this case, and (3) address Anderson's specific arguments, which are based upon the analysis in *Piggott* and the dissent in *Anderson*.

A. Permissive Lesser-Included Offenses.

In *In re Standard Jury Instructions in Criminal Cases*, 431 So. 2d 594 (Fla. 1981), we recognized two categories of lesser-included offenses: those "necessarily included in the offense charged," *id.* at 596, which are not at issue here, and those "which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence." *Id.* This latter category is often referenced as "permissive" lesser-included offenses. *Stevens v. State*, 226 So. 3d 787, 790 (Fla. 2017). "A permissive lesser included offense exists when 'the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.' " *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006) (alterations in original) (quoting *State v. Weller*, 590 So. 2d 923, 925 n.2 (Fla. 1991)).

This Court in *Brown v. State*, 206 So. 2d 377, 383 (Fla. 1968), *overruled in part on other grounds by Standard Jury Instructions in Criminal Cases*, 431 So. 2d at 597, described the process by which trial judges determine whether a permissive lesser-included offense is included in the offense charged, stating that "the trial

judge must examine the information to determine whether it alleges all of the elements of a lesser offense . . . [and] [i]f the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense." A jury instruction on a permissive lesser-included offense "is appropriate only if the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." *Williams v. State*, 957 So. 2d 595, 599 (Fla. 2007). A trial judge is therefore required to give a jury instruction on a permissive lesser-included offense (upon request) "if the following two conditions are met: '(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements.' " *Khianthalat*, 974 So. 2d at 361 (quoting *Jones v. State*, 666 So. 2d 960, 964 (Fla. 3d DCA 1996)). With respect to the first condition, "Florida law is well settled that the elements of an offense cannot be established by mere inference." *State v. Von Deck*, 607 So. 2d 1388, 1389 (Fla. 1992) (citing *State v. Dye*, 346 So. 2d 538, 541 (Fla. 1977)).

*Von Deck* is instructive. In that case, we accepted review to settle a conflict of decisions over whether a jury could be instructed on the charge of aggravated assault as a permissive lesser-included offense of the charge of attempted murder by shooting. *Id.* at 1389. We explained that aggravated assault includes an

element of "putting [the victim] in fear," which is not an element of attempted murder and was not alleged in the information. *Id.* We expressly rejected the argument "that the element of 'putting in fear' can be established by inference, because a shooting is likely to create such fear," *id.*, explaining that while it would be true in some cases that being shot at will put the victim in fear, "it will not be true in all [cases because] . . . . [i]t is possible to commit an attempted murder without also committing aggravated assault, such as where the victim remains unaware of the attempted murder until some time has elapsed after the commission." *Id.* We reiterated the well-settled rules "that the elements of an offense cannot be established by mere inference," and that "an instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense." *Id.* (citing *Brown*, 206 So. 2d at 383).

The requirement that an offense not be submitted to the jury as a permissive lesser-included offense unless all elements are alleged in the charging document for the greater offense is an application of the more general principle that juries are not to be instructed on uncharged crimes. *See generally*, 15A Fla. Jur. 2d *Criminal Law—Procedure* § 2040 (2019). We view this rule as justified on two bases. The most obvious, and most often cited, is that the due process clause requires that a defendant be put on clear notice of all crimes for which he or she is in jeopardy of

being convicted and punished. U.S. Const. amend. XIV, § 1; art. I, § 9, Fla. Const.; art. I, § 16(a), Fla. Const.; *Weatherspoon v. State*, 214 So. 3d 578, 583-84 (Fla. 2017) (quoting *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008)). The second justification is found in Florida's constitutional directive for separation of powers, art. II, § 3, Fla. Const., and the executive branch's exclusive discretion under Florida law to prosecute or not prosecute an individual for crimes committed. *See* ch. 27, Fla. Stat. (2019); *see also Ayala v. Scott*, 224 So. 3d 755, 759 n.2 (Fla. 2017) ("[T]he power to prosecute . . . is a purely executive function . . . ."); *State v. Bloom*, 497 So. 2d 2, 3 (Fla. 1986) ("Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute."); *Fulk v. State*, 417 So. 2d 1121, 1126 (Fla. 5th DCA 1982) (Cowart, J., concurring specially) ("Although state attorneys, like all attorneys, are officers of the court, the execution of criminal statutes by enforcement, including prosecution, is an executive function of government. The state attorney, when acting as a prosecuting officer under article V, section 17, of the Florida Constitution and under chapter 27 of the Florida Statutes, is performing an executive function and not a judicial function." (footnote omitted)). Any judicial rule authorizing a defendant to present an uncharged offense for a jury's consideration, over the objection of the prosecution, would interfere with the executive branch's exclusive

authority to prosecute cases and would constitute a substantive change in Florida law.

B. Application in This Case.

We now turn to whether the information charging Anderson with aggravated assault with a deadly weapon alleged all statutory elements of reckless driving. "Reckless driving" is defined in section 316.192(1)(a), Florida Statutes (2014), which states that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." Florida's standard jury instructions provide the following instruction for a violation of section 316.192(1)(a):

> To prove the crime of Reckless Driving, the State must prove the following beyond a reasonable doubt:
>
> (Defendant) drove a vehicle in Florida with a willful or wanton disregard for the safety of persons or property.

*See* Fla. Std. Jury Instr. (Crim.) 28.5. Obviously, driving is an essential element of the crime of reckless driving.

The information in this case alleged that Anderson "did unlawfully and intentionally make an assault upon [Anderson's girlfriend] with a motor vehicle, a deadly weapon[,] without intent to kill, contrary to [s]ection 784.021(1)(a), Florida Statutes." *Anderson*, 247 So. 3d at 682. Although a reader might infer from this language that Anderson was driving the vehicle, the information does not actually

make that allegation. Instead, consistent with the elements of the aggravated assault charge,[3] the information simply alleges that Anderson made "an assault upon" the victim "with a motor vehicle." *Id.* Because the information charging aggravated assault did not allege driving, an essential element of reckless driving, we readily conclude that the trial court correctly denied Anderson's request for an instruction on reckless driving as a permissive lesser-included offense, and that the First District correctly affirmed as to this issue.

C. Anderson's Contrary Arguments.

First, Anderson argues that *Piggott* contains a correct analysis and application of the first condition that must be met before a separate offense qualifies as a permissive lesser-included offense: that "the indictment or information must allege all the statutory elements of the permissive lesser included offense." *Piggott*, 140 So. 3d at 669 (quoting *Khianthalat*, 974 So. 2d at 361). However, instead of analyzing the language of the charging instrument in Piggott's case, the Fourth District seems to have concluded that alleging an automobile as a deadly weapon constitutes an allegation of driving as a matter of law. *See id.*

_____

3. "Aggravated assault" is an "assault . . . [w]ith a deadly weapon without intent to kill." § 784.021(1)(a). "Assault" is defined in section 784.011(1), Florida Statutes (2014), as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent."

("conclud[ing] that reckless driving is a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon is an automobile" and reiterating that "the charge of aggravated battery with a deadly weapon alleges all of the statutory elements of reckless driving when the alleged deadly weapon is an automobile").[4]  Although *Piggott* cites two cases in support of its conclusion, *see id.* (citing *Wallace v. State*, 688 So. 2d 429, 429-30 (Fla. 3d DCA 1997), and *LaValley v. State*, 633 So. 2d 1126, 1127 (Fla. 5th DCA 1994)), both of the cited opinions state that the information at issue in those cases alleged driving.  *Wallace*, 688 So. 2d at 430 ("The allegation within the information that Wallace *intentionally drove* his car in such a way as to threaten the officers was 'sufficient to include the willful and wanton disregard for the safety of others'

---

4.  In fairness to the Fourth District, we find it appropriate to point out that the briefing before that court did not illuminate a clear path to the correct legal analysis.  In its answer brief, for example, the State seemed to accept that alleging use of an automobile constituted an allegation of driving, and focused instead on the intent elements associated with each crime and on whether any error in refusing to give the instruction constituted harmless error.  Answer Brief of Appellee at 4-7, *Piggott v. State*, 140 So. 3d 666 (Fla. 4th DCA 2014) (No. 4D12-2704).  Even on rehearing, when the State first argued that "in order to be entitled to an instruction on the crime of reckless driving, there needed to be an allegation in the charging document that the defendant committed the battery by driving the automobile," the State neither expounded on its argument nor cited *Von Deck*, 607 So. 2d 1388, or any other case setting forth the well-settled law that an element cannot be inferred in this context.  Appellee's Motion for Rehearing and/or Motion for Rehearing En Banc and Motion for Certified Question of Great Public Importance at 1-5, *Piggott v. State*, 140 So. 3d 666 (Fla. 4th DCA 2014) (No. 4D12-2704).

- 10 -

necessary to establish reckless driving." (quoting *LaValley*, 663 So. 2d at 1127))

(emphasis added); *LaValley*, 633 So. 2d at 1127 ("We believe that *a charge* that

one committed an aggravated assault *by intentionally driving* her vehicle in a

threatening manner subsumes the elements of reckless driving.") (emphasis

added).[5]

By contrast, according to the Fourth District's opinion, the State merely

alleged that Piggott "did unlawfully and intentionally touch or strike [the victim]

against his will with a deadly weapon, to wit: a Kia Sephia four-door automobile,"

*Piggott*, 140 So. 3d at 669 (alteration in original), which only implies driving and

does not allege driving. Accepting Anderson's argument on this issue would

require that we ignore or recede from Florida's "well[-]settled [law] that the

elements of an offense cannot be established by mere inference," *Von Deck*, 607

So. 2d at 1389, which we are unwilling to do.

As a *factual* matter, alleging use of an automobile in this context is not the

same as alleging driving because an automobile could be used to commit the

greater offense without driving, as the State pointed out to the Fourth District on

rehearing, *see Piggott*, 140 So. 3d at 671 n.1 ("According to the state, 'one can

---

5. However, it is unclear how the Fifth District reached the conclusion that the charging document alleged that the defendant drove the vehicle when such was not included in its earlier recitation of the charging document's language. *See LaValley*, 633 So. 2d at 1127.

batter another person with an automobile with[out] the act of driving the automobile (e.g., by slamming the hood or door of a car on the head of a victim of dropping a car from a crane onto a victim).' "), and as the State argues here. With respect to the aggravated assault charge in this case, and analogous to the analysis in *Von Deck*, one could commit aggravated assault with a motor vehicle without driving it, by, for example, pushing an unmanned vehicle down a hill toward the victim, threatening to crush part of the victim's body with a vehicle door or trunk lid, or threatening to lock the victim in a trunk and roll the vehicle into a body of water. *Cf. Von Deck*, 607 So. 2d at 1389 (explaining that, as a factual matter, "[i]t is possible to commit an attempted murder without also committing aggravated assault, such as where the victim remains unaware of the attempted murder until some time has elapsed after the commission").

Anderson attempts to bolster his reliance on *Piggott* by pointing out the far greater likelihood that a person committing an aggravated assault using an automobile would do so by driving than by any other method. This argument misses the point. The existence of a foreseeable way that an automobile could be used to commit an aggravated assault or battery without driving, irrespective of the probable frequency of occurrence, means that alleging use of a vehicle as a deadly weapon cannot be treated, factually, as an allegation of driving.

Finally, Anderson relies heavily on the dissent in *Anderson*, which posits

that:

> Limiting review solely to the information as originally
> drafted—and forcing trial judges to ignore subsequent indisputable
> factual developments—is a recipe for gamesmanship when defendants
> request instructions on lesser-included offenses.  Because an
> information's content is exclusively controlled by the State, a game of
> "heads I win, tails you lose" can result if a Spartan information is
> drafted, alleging aggravated assault but leaving out whether the car
> was driven, thereby precluding a defendant from claiming a legitimate
> lesser-included offense based on the facts developed prior to trial; no
> suggestion is made that was the intent here, but that is the result.  Had
> the State alleged in its information against Anderson that the assault
> upon the victim was by "*driving* with a motor vehicle," it could not
> now argue that the lesser-included offense of reckless driving was
> precluded.  What an odd result: Anderson loses his right to the lesser-
> included offense instruction of reckless driving simply because the
> original information left out the word "driving"—even though
> everyone knew pre-trial that was the means of assault.

*Anderson*, 247 So. 3d at 685 (Makar, J., concurring in part and dissenting in part).[6]

These points do not give us pause.  First, the law is clear that the facts as

they are known to the State at the time of charging, or "subsequent[ly] . . .

develop[ed]," *id.*, including at trial, are legally irrelevant to a trial court's

determination of whether "the allegations of the greater offense contain all the

---

6. Judge Makar concurred only in the decision to certify conflict with
*Piggott*, which he viewed as "set[ting] forth the better approach in deciding
whether a jury instruction on a lesser-included offense *requested by a defendant*
should be given."  *Anderson*, 247 So. 3d at 684 (Makar, J., concurring in part and
dissenting in part).

elements of the lesser offense," *Williams*, 957 So. 2d at 599, which is what this Court's precedent clearly requires a trial judge to first examine when determining whether a separate offense constitutes a permissible lesser-included offense. *See Khianthalat*, 974 So. 2d at 361 (explaining that for a separate charge to constitute a permissive lesser-included offense "the indictment or information must allege all the statutory elements of the permissive lesser included offense" (quoting *Jones*, 666 So. 2d at 964)). The charging document does not change based upon "subsequent indisputable factual developments," *Anderson*, 247 So. 3d at 685 (Makar, J., concurring in part and dissenting in part), unless the State chooses to amend the information and is permitted to do so. Here, the information was never amended.

Second, the notion that the charging information should be viewed in light of the evidence presented at trial inappropriately conflates the two independent considerations set forth by this Court for decades as the test for determining what constitutes a permissive lesser-included offense, *see, e.g.*, *Brown*, 206 So. 2d at 383, essentially eliminating the first requirement that all elements of a lesser offense "must" be factually alleged in the charging document in order for the offense to qualify as a permissive lesser-included offense. *Khianthalat*, 974 So. 2d at 361.

Third, this result would implicate separation of powers concerns by interfering with the charging discretion granted to the executive by substantive law. *See* art. V, § 17, Fla. Const.; ch. 27, Fla. Stat. (2019); *Bloom*, 497 So. 2d at 3. There is nothing sinister about a prosecuting authority exercising its charging discretion strategically in this context. Had the State elected to charge reckless driving, it invariably would have done so in a second count. Reckless driving would have then been presented to the jury as an additional charge—not as a lesser alternative to the aggravated battery charge, as the defendant would have preferred.

Fourth, the purpose of a charging instrument is to put the defendant on notice, *Miller v. State*, 42 So. 3d 204, 215 (Fla. 2010) (citing art. I, § 16, Fla. Const.), not to allege all of the facts that will ultimately support the essential elements of the charge. Indeed, the state attorney is directed by Florida Rule of Criminal Procedure 3.140(b) to draft an information that is "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Requiring the State to allege "driving" in this case would be contrary to the direction of our rules and go beyond putting the defendant on notice of the nature and cause of the charged offense. Moreover, the responsibility for detail and particularity in the charging document rests on the defendant and not the State. *See* Fla. R. Crim. P. 3.140(n) ("The court, on motion, shall order the prosecuting attorney to furnish a statement of particulars when the indictment or information

on which the defendant is to be tried fails to inform the defendant of the particulars of the offense sufficiently to enable the defendant to prepare a defense.").

Finally, neither Anderson nor Judge Makar's dissent cites any authority supporting the assertion made by both that Anderson had a "right" to have his jury consider a separate crime as a lesser alternative to the crime charged when the lesser, separate offense does not qualify as a permissive lesser-included offense under well-settled Florida law.

## CONCLUSION

Because an element of an offense cannot be established in a charging document by inference, we hold that a defendant is not entitled to a defendant-requested jury instruction on the permissive lesser-included offense of reckless driving where the charging instrument fails to expressly allege the element of driving. Accordingly, we approve the First District's decision in *Anderson* and disapprove the Fourth District's decision in *Piggott*.

It is so ordered.

CANADY, C.J., and POLSTON and MUÑIZ, JJ., concur.
LABARGA, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., dissenting.

I dissent from the majority's conclusion that because the information did not expressly allege that Anderson was driving at the time of the offense, he was not entitled to an instruction on the permissive lesser included offense of reckless driving. In doing so, I agree with the well-reasoned concurring in part and dissenting in part opinion written by Judge Makar in the decision below, and the majority opinion in the certified conflict case, *Piggott v. State*, 140 So. 3d 666 (Fla. 4th DCA 2016) (holding that "reckless driving is a permissive lesser included offense of aggravated battery with a deadly weapon when the alleged deadly weapon is an automobile").

Under rule 3.510(b), Florida Rules of Criminal Procedure, a jury may convict a defendant of: "any offense that as a matter of law is a necessarily included offense or *a lesser included offense of the offense charged in the indictment or information and is supported by the evidence*." (Emphasis added.) As noted by Judge Makar, "[a]lthough a charging document is very important in providing notice of the charge alleged, as the Sixth Amendment requires, *Piggott* persuasively points out that what is even more important from the defense's perspective is the actual basis of a charge at the time of the charge conference, when predicate facts are conclusively framed and jury instructions approved. At that point, a lesser-included offense may have become obvious that was not at the

outset." *Anderson v. State*, 247 So. 3d 680, 684 (Fla. 1st DCA 2018) (Makar, J., concurring in part and dissenting in part).

In this case, in the sole count of the information, the State charged that Anderson "did unlawfully and intentionally make an assault upon [the victim] with a motor vehicle, a deadly weapon without intent to kill." The evidence in this case establishes an indisputable conclusion that Anderson was driving that vehicle at the time of the offense. In fact, not only does the State not dispute that Anderson was driving, it repeatedly relies on this point. During opening statements, the prosecutor summarized the State's version of the underlying events as follows:

> Earlier that night, [Anderson's] girlfriend . . . went out with friends to a club. The defendant shows up. He sees her talking to a guy in the parking lot. Presumably, he gets angry.
> When she and her friends get in the car to leave . . . the defendant gets in his car to follow her. He begins to try and block her into the parking lot at first to keep her from leaving. *They're both driving*. She is able to get out of the parking lot, but when she does, the defendant follows her down the road and begins to get into a chase with her.
> She's going to testify that they're going high speeds. She's having to run red lights, that he rammed his car into the back of her car—his truck into the back of her truck. That he does this multiple times.

(Emphasis added.) During its case in chief, the State called two witnesses, including the victim, who provided eyewitness testimony that Anderson was driving a vehicle and chasing them. The State also called an officer who testified

- 18 -

that the victim identified Anderson as the person who chased her vehicle and caused her to have an accident.

Moreover, during its cross-examination of Anderson, the State emphasized that Anderson was driving (and recklessly so):

> **Prosecutor:** So you were driving to follow her is what you were doing that night? You thought she was driving, and you were trying to follow her, right?
>
> **Anderson:** Yes, ma'am.
>
> **Prosecutor:** So you all start speeding. She starts speeding. You start following her speeding?
>
> **Anderson:** Yes, ma'am.
>
> **Prosecutor:** Okay. You said you get about, I think your testimony was a car length away from her car?
>
> **Anderson:** Yes, ma'am.
>
> **Prosecutor:** Okay. But somehow you run into it?
>
> **Anderson:** Yes, ma'am.
>
> **Prosecutor:** And you're saying it's an accident?
>
> **Anderson:** Yes, ma'am.
>
> **Prosecutor:** You're chasing her at high speeds?
>
> **Anderson:** Yes, ma'am.
>
> **Prosecutor:** And you hit her by accident?
>
> **Anderson:** Yes, ma'am.

**Prosecutor:** And you heard everybody here testify today that you hit her car more than once, right?

**Anderson:** Yes, ma'am.

**Prosecutor:** And are you trying to say you only hit her one time?

**Anderson:** Yes, ma'am.

**Prosecutor:** And all that screaming from that 911 call came from one accidental hit of her car?

**Anderson:** Yes, ma'am.

**Prosecutor:** Okay. You know she crashed her car that night?

**Anderson:** Yeah, after the fact.

**Prosecutor:** Right. Was that after the first time you hit her?

**Anderson:** I only hit her once.

**Prosecutor:** And you heard the officer here today testify that he saw you . . . moving along the road, running red lights, running stop signs?

**Anderson:** Yes, ma'am.

**Prosecutor:** Do you remember running multiple red lights?

**Anderson:** Yes, ma'am.

**Prosecutor:** And your testimony is that you did not think this would scare anyone? Following somebody, making them run through red lights?

**Anderson:** No, ma'am.

**Prosecutor:** You weren't trying to scare her?

**Anderson:** No, ma'am.

**Prosecutor:** You weren't mad at her; that's what you want this jury to believe?

**Anderson:** Yes, ma'am.

Considering this evidence, there is no question that Anderson was driving the vehicle involved in the offense. The fact that Anderson was driving a vehicle at the time of the offense was not established by "mere inference." Majority op. at 6. There was direct evidence, in the form of eyewitness testimony, that Anderson was driving. Indeed, Anderson himself admitted to driving.

The State, having drafted the information charging Anderson with aggravated assault with a deadly weapon (a motor vehicle), and having relied on the fact that Anderson was driving the vehicle, benefitted from drafting the information in a way that limited Anderson's ability to have the jury instructed on a permissible lesser included offense supported by the evidence. As Judge Makar pointed out, there is no indication that the State intentionally drafted the information in the manner that it did, but the result nonetheless is that Anderson was deprived of the reckless driving permissible lesser included offense even though there was never a dispute that Anderson was driving. "Simply put, trial judges should not be told to put on blinders at a charge conference, looking only at an information filed months or years earlier, when it has become obvious that a lesser-included instruction requested by the defendant is appropriate in light of a fact not then in dispute (here, that the car was driven, not dropped from the sky,

- 21 -

used as a bludgeon, and so on)." *Anderson*, 247 So. 3d at 685 (Makar, J., concurring in part and dissenting in part).

While there is also no question that the evidence supported the charge of aggravated assault with a deadly weapon, the point is that the evidence proved that Anderson was driving a vehicle, and the evidence supported an instruction on the permissible lesser included offense of reckless driving. The jury was entitled to receive that instruction and to then be entrusted to, upon determining that the State met its burden, convict the defendant for the highest offense proven.

For these reasons, I dissent.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D15-5433

(Leon County)

Andy Thomas, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

Ashley Moody, Attorney General, Trisha M. Pate, Bureau Chief, and Amanda Stokes, Assistant Attorney General, Tallahassee, Florida,

for Respondent